## MILLER and others *v.* KENT and others.

*(Circuit Court, S. D. New York.* April 10, 1883.)

EQUITY—RELIEF—REMEDY AT LAW.

> Where moneys were deposited with defendants, to be held subject to the order of the complainants, and were by the defendants misappropriated and used for their own purposes, there is an adequate remedy at law, and a bill for relief in equity will not lie without showing that the moneys were misappropriated in violation of some active trust between the parties, involving confidence on the one side and discretion on the other, or that there were mutual accounts between the parties, or an account on one side of a nature to justify a bill of discovery.

In Equity.

*Henry J. Bennett,* for complainants.

*L. A. Gould,* for defendants.

WALLACE, J. This bill is demurred to for want of equity. The bill alleges that the defendants withhold five distinct sums of money deposited with them as commission merchants by the complainants, and which defendants were to hold subject to the order of the complainants, and that "defendants have used said moneys for their own purposes, and have profited thereby." There is no prayer for discovery. If the moneys were misappropriated in violation of some active trust between the parties, involving confidence on the one side and discretion on the other, or if there were mutual accounts between the parties, or even an account on one side of a nature to justify a bill of discovery, there might be a case of equitable cognizance. Upon the facts alleged, the complainants have a plain, adequate, and complete remedy at law.

There are    pressions of opinion in some of the more recent English cases to the effect that a principal may always resort to equity to compel an accounting by his agent; but in all the cases where the bill was sustained, the accounts were complicated and a discovery was essential. *Mackenzie* v. *Johnston,* 4 Mad. 373; *Phillips* v. *Phillips,* 9 Hare, 471; *Shepard* v. *Brown,* 9 Jur. (N. S.) 195; *Hemings* v. *Pugh,* Id. 1124; *Makepiece* v. *Rogers,* 11 Jur. (N. S.) 314. The cases are not authority for relaxing the rule that a bill, in general, will not lie unless some special ground is laid; as the inability to get proof, unless by discovery, (*Dinwiddie* v. *Bailey,* 6 Ves. 136; *Moses* v. *Lewis,* 12 Price, 388;) or where, independently of discovery, intricate and perplexing accounts exist which cannot be conveniently investigated at law. Story, Eq. Jur. § 462.

The demurrer is sustained.