SAWYER v. ATCHISON, T. & S. F. R. CO. et al.

(Circuit Court, S. D. New York.  October 23, 1902.)

1. EQUITY JURISDICTION—ADEQUATE REMEDY AT LAW.

    A bill against a railroad company, a reorganized company, which had purchased and obtained possession of the property of the first company through a foreclosure sale, and a trust company, to obtain possession of certain bonds deposited by complainant with the trust company on which the first railroad company was guarantor, and to enforce payment of the same by the railroad company, on the ground that the foreclosure sale was void, if not multifarious, states no case for equitable relief; it not appearing from the facts stated that there is not an adequate remedy at law.

In Equity.  On demurrer to bill.

Ford & Tuttle, for complainant.

Opdyke, Willcox & Bristow and Butler, Notman, Joline & Mynderse, for defendants.

TOWNSEND, Circuit Judge.  Demurrer to complaint.  Defendants demur separately, on the ground that the complaint states no case for equitable relief, that there is adequate remedy at law, and of multifariousness and laches.  The complaint is long, and is accompanied by many long exhibits.  The principal allegations are as follows: Subsequent to August 27, 1895, complainant purchased 20 second-mortgage bonds of the Colorado Midland Railroad Company, guarantied by the Atchison, Topeka & Santa Fé Railroad Company, on which interest had been in default for a year and a half; foreclosures being then pending on the first mortgage, as well as on the second mortgage, and a receiver having been appointed, the property of the Colorado Midland Company having previously passed into the possession of said Atchison Railroad Company.  Foreclosures had also been

brought against the Atchison Railroad Company, and a decree of foreclosure had been made on August 27, 1895, but the property had not been absolutely sold. The complainant deposited his bonds with the defendant the Central Trust Company, with other holders of similar bonds, for the purpose of effectuating the reorganization of the Atchison Railroad Company by a bondholders' committee. Afterwards the property of the Colorado Midland Company was sold under foreclosure for a nominal amount, and said Colorado Midland Company is wholly insolvent, and has no property from which payment of the bonds can be secured. Under the laws of Kansas, property of a railroad company cannot be sold within three years after foreclosure without the request of a majority of the holders of the mortgage bonds. The sale of the property of the Atchison Railroad Company was made at the request of the reorganization committee, who are not the real or beneficial owners of the majority of the bonds, nor were the bonds in their actual custody; and said sale was, therefore, by the laws of Kansas, absolutely void. The plan of reorganization was not accepted by the bondholders within the time limited in the agreement under which the bonds were deposited, and when the meeting was held to accept the plan of reorganization complainant refused to be a party to it and demanded the return of his bonds; but the defendant the Central Trust Company refused to return the bonds, claiming that complainant was bound by the agreement under which they were deposited. On December 10, 1895, the assets of the Atchison Railroad Company were sold for a nominal price to the bondholders, and thereupon a new corporation, the defendant the Atchison, Topeka & Santa Fé Railway Company, was organized. New bonds were issued in place of the first-mortgage bonds, and preferred stock in place of others. Common stock of the new company was given to the stockholders of the defunct Atchison Railroad Company, but no provision was made for the bonds of the complainant, guarantied by the old Atchison Company, and the assets of the Colorado Midland Railroad Company were sold under foreclosure for a small amount, whereby said bonds had become worthless unless they could be collected from the railway company. Since the reorganization the business of the Atchison Railway Company has been improving, and its profits have steadily increased, so that claims against it would now be valuable. Complainant prays for a judgment that he is the owner of said 20 second-mortgage bonds, and entitled to their possession, and that the defendant the Central Trust Company produce or account for them; that said bonds are a valid and existing obligation of the defendant the Atchison Railway Company; that as to him the pretended foreclosure of the Atchison Railroad Company and organization of the Atchison Railway Company was a nullity; that the sale and conveyance under the foreclosure was absolutely void; and that the common stock in the company be seized and sold by the court for the payment of complainant's bonds.

It is not clear what cause of action in equity complainant has against the defendant railway company or its stockholders. He knew of the foreclosure, and there is no allegation that he made any objection at the time to the confirmation by the court of the sales under fore-

closure. The transfers were legal on their face. It is several years since the transfer, and meanwhile the new company has operated the road and made it valuable. Complainant insists that he has no adequate remedy at law, because in a suit against the Central Trust Company in trover or replevin it would be necessary to show the frauds alleged in order to establish the value of the bonds. No reason appears why, if the sale of the assets of the Atchison Railroad Company was absolutely void under the Kansas statute, such fact and any other evidence tending to establish the value of the bonds cannot be produced in an action at law. There is apparently considerable foundation for defendants' contention that the complaint is multifarious. It seems desirable that the questions arising on the complaint should be first finally settled on appeal.

The demurrer is sustained.