## YOUNG v. MERCANTILE TRUST CO.

(Circuit Court, S. D. New York. July 3, 1905.)

1. TRUSTS—ENFORCEMENT OF TRUST—SUFFICIENCY OF ALLEGATION.

A bill for an accounting, which alleges that complainant delivered securities amounting to a sum stated to defendant "as trustee and depositary to hold and thereafter deliver and distribute the same as directed and authorized by the complainant, and that the defendant received the securities and accepted the trust obligations to so deliver and make distribution thereof," but which does not further state the character of the trust, its terms, extent, or purposes, or whether in writing or parol, does not show such an express or implied trust relation between the parties as to confer jurisdiction on a court of equity, the allegations being entirely consistent with a mere deposit creating only the relation of bailor and bailee.

2. EQUITY—PLEADING—ALLEGATIONS ADMITTED BY DEMURRER.

In such case the general averments of a trust are merely conclusions of law, which are not admitted by a demurrer.

3. BAILMENT—FIDUCIARY RELATIONS.

A contract of bailment does not create such fiduciary relations between the parties as to give a court of equity jurisdiction of a suit for its enforcement, unless accompanied by facts and circumstances from which it may be presumed that the intendment of the parties was to create a trust, or where the obligations imposed arose out of confidential relations.

In Equity. On demurrer to bill.

Dittenhoefer, Gerber & James, for complainant.

Alexander & Colby (William F. Goldbeck, of counsel), for defendant.

HAZEL, District Judge. The bill is for an accounting, and alleges that on or about June 24, 1902, the United States Shipbuilding Company, a New Jersey corporation, bought certain properties from the complainant, for which he received securities amounting in the aggregate to upwards of $60,000,000; that the complainant thereupon delivered such securities to the defendant, as trustee and depositary, to hold and thereafter deliver and distribute the same as directed and authorized by the complainant, and that the defendant received the securities and accepted the trust obligation to so deliver and make distribution thereof; that an account has been demanded of the defendant, but none has ever been rendered in respect to such deposits or of the disposition made thereof. The bill also alleges "on information and belief that in the disposition, distribution, and disposal of the said securities the defendant has disregarded the rights of your orator, and has violated its duties as trustee to your orator, and his directions and wishes respecting the same." How the securities were disposed of, whether by sale or distribution, what complainant's wishes or directions were, or in what particular his rights have been violated, does not appear. The defendant has demurred on the grounds that the bill lacks equity, and that the court is without jurisdiction.

Complainant's theory is that the defendant was depositary and trustee, and hence fiduciary relations existed between them en-

titling complainant to an accounting. The demurrant contends, on the other hand, that the transaction simply amounted to a naked deposit, by which the relations of bailor and bailee were established. A court of equity doubtless has plenary power to determine the rights and liabilities arising between a trustee and the beneficiaries of a trust. It is evident, however, that the general allegation of trust or trusteeship, together with the object and purpose of its creation, is not here distinctly or sufficiently averred. It is pertinent to inquire, what did the defendant undertake to do other than become depositary or bailee? The character of the trust, its extent or purpose, and whether in writing or by parol, is not disclosed. The essential elements of a trust, viz., a beneficiary, a trustee other than the beneficiary, the subject-matter of the trust relations, and surrender of the property and transfer of the title to the trustee, are not well pleaded. The claim that the orator parted with his property to the United States Shipbuilding Company upon receiving the securities, and then deposited the same with the defendant under an implied arrangement that such securities were to be distributed as he might direct, in my judgment was not sufficient to establish such express or implied trust relations as would warrant the interposition of a court of equity. Certainly it would seem that specific and definite facts to warrant the interference of a trust relation should have been pleaded, instead of merely general averments. The suggestion that the demurrer concedes the allegations of the bill is not entirely correct, as such admissions only include relevant facts, such as are well pleaded, and not conclusions of law. John D. Park & Sons Co. v. National Wholesale Druggists' Ass'n, 175 N. Y. 1, 67 N. E. 136, 62 L. R. A. 632, 96 Am. St. Rep. 578. The transaction, as pleaded, has all the earmarks of a mere deposit, and not of a trust, in which the legal title has passed to the trustee, and where the cestui que trust has the beneficial enjoyment. United States v. Union Pacific Railroad Co., 98 U. S. 619, 25 L. Ed. 143. "The term 'trust,'" says Chancellor Kent in Kane v. Bloodgood, 7 Johns. Ch. 90, 11 Am. Dec. 417, "is a very comprehensive one. Every deposit is a direct trust. Every person who receives money to be paid to another, or to apply to a particular purpose, is a trustee. The cases of hirer and letter to hire, borrower and lender, pawner and pawnee, principal and agent, are all cases of express trust, etc. It has never been held, however, that these and the like cases are such technical trusts as to bring them within our limited equity jurisdiction." Complainant, contending that trust relations existed between the parties, places reliance upon the cases of Manhattan Bank v. Walker, 130 U. S. 267, 9 Sup. Ct. 519, 32 L. Ed. 959, and Clews v. Jamieson, 182 U. S. 461, 21 Sup. Ct. 845, 45 L. Ed. 1183, which cases I deem clearly distinguishable. In each there is present a stated beneficiary, who instituted the action to enforce the trust, and for whose benefit the special deposits were made; and, moreover, the trust character of the transaction was plainly recognized by the depositaries. Hence the contention of the defendant, the Mercantile Trust

Company, that a trust relationship is not apparent from the bill is sustained.

The next point is whether the relations between the contending parties were of a fiduciary character. Assuming the relations of bailor and bailee to have existed, the question naturally arises whether a fiduciary responsibility was imposed thereby. That the transactions of principal and agent, bailor and bailee, and pledgor and pledgee are not cognizable in equity is clear, unless accompanied by facts and circumstances from which it may be presumed that the intendment of the parties was to create a trust, or where the obligations imposed arose out of confidential relations. Miller et al. v. Kent et al. (C. C.) 16 Fed. 13; Sawyer v. Atchison, T. & S. F. R. Co. (C. C.) 119 Fed. 252; Marvin v. Brooks, 94 N. Y. 71; American Spirits Mfg. Co. v. Easton et al. (C. C.) 120 Fed. 440; Upshur v. Briscoe, 138 U. S. 377, 11 Sup. Ct. 313, 34 L. Ed. 931. To the same effect, see Sanford v. Sanford, 139 U. S. 642, 11 Sup. Ct. 666, 35 L. Ed. 290, and Minnesota v. Northern Securities Co., 184 U. S. 199, 22 Sup. Ct. 308, 46 L. Ed. 499. My conclusion is that such facts and circumstances as are essential to confer jurisdiction on this court are not pleaded, and hence the point is well taken.

The demurrer is sustained, with costs, leave, however, being granted the complainant to amend within 20 days; otherwise the bill is dismissed.