SUN LIFE ASSURANCE COMPANY OF CANADA, a corporation created by and existing under the laws of the Dominion of Canada,

*vs.*

MERRITT-CHAPMAN & SCOTT CORPORATION, a corporation created by, and existing under the laws of the State of Delaware.

*New Castle, Dec. 12, 1932.*

*James R. Morford,* of the firm of Marvel, Morford, Ward & Logan, for complainant.

*Hugh M. Morris* and *Edwin D. Steel, Jr.,* and *Stephen P. Anderson,* of New York City, for defendant.

THE CHANCELLOR: The bill in this cause was filed July 1, 1932. The defendant prior thereto, viz., on June 29, 1932, had, by issuance of summons, started an action at law in the Supreme Court of New Jersey to recover on the policy here sought to be cancelled. That action was removed by the defendant therein (complainant here) to the District Court of the United States for the District of New Jersey and the defendant filed its answer in the District Court setting up an equitable defense and praying the same

affirmative relief of cancellation which it seeks as complainant in this cause to secure. Thus the New Jersey action was commenced prior to the commencement of the suit here, a circumstance which differentiates this case from the *Connecticut Mutual Life Case* in which a preliminary injunction was this day ordered. Whereas in the latter case an injunction was sought against prosecuting an action at law instituted after the bill was filed, in this one the injunction is sought against prosecuting an action at law instituted before the bill was filed.

That is a very material distinguishing circumstance, for the difference in principle is a wide one between the use of the injunctive process to protect a prior jurisdiction from interference and the use of such process to subject a prior jurisdiction to interference by a subsequent one. Courts on proper occasions will enjoin proceedings in another tribunal of concurrent jurisdiction even though such proceedings have been commenced before the enjoining court obtained jurisdiction of the cause before it. But such interference by one court with the prior proceedings of another by compulsion brought to bear on the parties before it, is one that should be exerted with that degree of caution which comity between courts suggests as requisite. It is an interference the exercise of which should never be exerted except with scrupulous delicacy. There must be a showing of necessity before one court will grant an injunction to stay proceedings previously commenced in another court of competent jurisdiction in a sister state. *Colson v. Pelgram*, 259 *N. Y.* 370, 182 *N. E.* 19.

With this principle in mind, where I ask is the necessity for this court to enjoin the New Jersey proceedings? The only equity which could possibly support the issuance of the injunction when the bill was filed was, that in the law action in New Jersey the remedy of cancellation could not be granted, assuming as I do that in New Jersey as in Delaware cancellation is a remedy which the law courts are

impotent to afford. But since the removal of the New Jersey action to the United States District Court and before the pending rule came on to be heard in this cause, the complainant (defendant in the United States District Court) availed itself of the right yielded by the Federal statute to seek the affirmative relief of cancellation—the very thing it seeks here. The New Jersey proceedings therefore in their present status are in such condition that, whatever may have been the situation in this cause when the bill was filed, the only necessity which would originally justify an injunction against the New Jersey proceedings has now been removed. I can therefore see no reason for this court's undertaking to interfere with the proceedings which were commenced in New Jersey prior to the filing of the bill here.

Order refusing the injunction and discharging the rule.