JOHANNA FLAHERTY,

*vs.*

INDUSTRIAL TRUST COMPANY, a corporation of the State of Delaware.

*New Castle, April* 24, 1935.

404

*Edward W. Cooch,* for complainant.

*E. Ennalls Berl,* of the firm of Ward & Gray, for defendant.

THE CHANCELLOR: Of the alleged defenses which the complainant contends she has to her liability as an admitted

endorser of the note, only one supplies a basis for equitable relief. That one is, that her endorsement was secured by fraud, duress, force and fear. What is meant by the allegation that the endorsement was secured through misunderstanding on the part of the complainant, as distinguished from the fraud, etc., just mentioned, is left in obscurity both by the bill and the evidence.

Now there can be no doubt of this—that the law courts will recognize as a defense to the action and allow the complainant to prove in bar of it, if she can, that her endorsement was procured by the fraud, etc., which her bill alleges. How, then, can she be entitled to an injunction out of this court restraining her adversary from proceeding with the law suit previously instituted against her?

Fraud lies in the field of the concurrent jurisdiction of law and equity. In equity it is the basis of affirmative, in law in a case of this character of defensive, relief. If a party who has been defrauded into the assumption of a legal obligation can be permitted when sued at law where the fraud is a perfect defense, to secure an injunction in equity against his adversary's proceeding further at law, the result will be that it will lie in the power of defendants at law, when fraud is the defense against written instruments, to elect in which forum, that of law or equity, the litigation shall be conducted. The Superior Court of this State has decided that in matters lying in the field of the concurrent jurisdiction of law and equity, when a party has elected to proceed in Chancery the Superior Court will not entertain an application for relief in the same connection until the matter is finally determined in Chancery. *First Nat. Bank of Wilmington v. Lieberman,* 1 *Marv.* 367, 41 *A.* 90. The spirit of this ruling harmonizes with the general rule that where one court has assumed jurisdiction of a subject matter, other courts on principles of comity between courts will decline to interfere. *Sun Life Insurance Co. v. Merritt-Chapman & Scott Corp.,* 19 *Del. Ch.*

110, 163 *A.* 649. Of course if there appears to be a need for equity's interference in order that an injury to the defendant in the law action may be averted which, but for the interposition of equity, would ensue, the general rule would yield to the demands of necessity.

In the instant case, what is the necessity that is shown for the complainant's request that the Court of Chancery, by means of its injunctive process, shall in effect oust the Superior Court of its jurisdiction over the controversy and draw the whole matter here for adjudication? It is this and this only—that this court, if the complainant should prevail in her proof, could order the endorsement to be cancelled, a type of relief which the Superior Court could not afford. That the complainant was not much impressed with the supervening necessity of that special relief would seem to be evident from the fact that she has not prayed for it. All she asks for specially is an injunction against the defendant from proceeding with the law action. The relief of cancellation, if she obtained it, would have to be afforded her under her prayer for general relief.

It was held in *Hollis, Adm'r., v. Kinney,* 13 *Del. Ch.* 366, 120 *A.* 356, that a defendant in a judgment entered by confession on a forged warrant of attorney might obtain the relief of vacation of the judgment and cancellation of the forged instrument, notwithstanding the Superior Court where the judgment was entered had the power to vacate and set aside the judgment. That case is cited as authority for the jurisdiction in this one. It is authority to this extent, viz., that equity will entertain a bill to cancel an instrument on the ground of fraud or forgery, notwithstanding law would afford a defensive remedy based on those grounds; because the remedy at law is not as full as in equity and is therefore not sufficient. But that is not this case. This bill seeks to enjoin the defendant from proceeding with the law action which was inaugurated before the bill was filed. If it can be maintained, every suit on a

promissory note or other written instrument which is commenced in the law courts and to which the defense is fraud, duress or forgery, could be transferred at the election of the defendant to the Court of Chancery. Such a proposition is clearly untenable. *Hollis, Adm'r., v. Kinney, supra,* does not support it. If the action at law had not been instituted, the complainant might have filed her bill for cancellation and cited *Hollis, Adm'r., v. Kinney* as an authority in its support.

The bill should be dismissed. So also should the cross-bill, because if the complainant has no right to draw the controversy out of the law court into this court, the defendant has no right through the device of a cross-bill to keep it here.

Decree accordingly.