THE TRAVELERS INSURANCE COMPANY, a corporation of the State of Connecticut,

*vs.*

HELEN CARAVASILIS.

*New Castle, Jan. 31, 1936.*

*James R. Morford,* of the firm of Marvel, Morford, Ward & Logan, for complainant.

*John Biggs, Jr.,* and *Stewart Lynch,* of the firm of Biggs, Biggs & Lynch, for defendant.

THE CHANCELLOR: The policy of insurance contains a clause "that it is issued in consideration of the signed application for this insurance which is made a part hereof and copy of which is attached hereto and of the premium, etc." The following appears as a part of the policy's provisions:

"Entire Contract—This instrument and the application constitute the entire contract between the parties hereto, and all statements purporting to be made by or on behalf of the Insured shall in the absence of fraud be deemed representations and not warranties and no statement shall avoid the contract or be used in defence to a claim under the contract unless it be contained in the application herefor and a copy of such application is attached hereto."

The application contained questions which, *inter alia,* interrogated the insured as to whether he had within the past ten years suffered any bodily or mental disease or any infirmity, and whether within the same period he had received any medical or surgical advice or attention. The insured's answers to these questions were categorical "noes." To the question—what physician did you last consult? the insured answered that he "never had one."

The application contained a statement by the insured that every statement made by him in the above answers was true. The fact is, however, that each of the answers above given was false. The insured had spent from July 13, 1932, to July 15, 1932, in Jefferson Hospital, Philadelphia, Pa., as a ward patient, where he was suffering with and treated for a disease known as carcinoma or cancer of the left lung.

The bill alleges that the insured falsely and fraudulently concealed from the complainant the facts which the above questions sought to elicit, and that the complainant was misled thereby and induced to issue its policy in reliance upon the truth of the insured's answers; and that the representations made by the false answers to the questions were material to the risk.

The bill shows that the policy contained an incontestability clause by which the insurer was bound not to contest its validity after it had been in force for a period of two years, except for non-payment of premiums and for violation of the conditions relating to military or naval service in time of war. The two year period expired April 14, 1935.

Such are the allegations of the bill which for the present purpose must be taken as true.

The bill was filed on April 8, 1935, a few days before the period of incontestability ran out. The proposition cannot be questioned, that an insurer has a clear right in equity to the remedy of cancellation of an insurance policy on the ground of fraud when the policy contains a clause of incontestability and the period prescribed for contestability has not expired. During the currency of the period, the insurer is not required to sit idly by in the hope that the beneficiary will bring an action on the policy and thereby afford the insurer an opportunity to contest the contract by way of defense. During the period, even though in the event of an action's being instituted the insurer would be permitted to set up the ground of contestation by way of defense and thus an adequate remedy at law might be con-

tended to be available, yet, until the action is in fact instituted, it can in no sense be maintained that an adequate remedy at law is available to the assured. The incontestability clause does not contemplate the expiration of the period therein named during the lifetime of the insured. The period after which the validity of the policy is immune from attack is not alone for the benefit of the insured during his lifetime, but as well for the benefit of the beneficiary after the insured's death. *Mutual Life Ins. Co. v. Hurni Packing Co.,* 263 *U. S.* 167, 44 *S. Ct.* 90, 68 *L. Ed.* 235, 31 *A. L. R.* 102. By delaying the institution of an action at law on the policy beyond the contestable period, the beneficiary might, therefore, effectively destroy the insurer's remedy of defensively contesting the validity of the policy. The fact that the beneficiary might abide the expiration of the contestable period and then bring suit, is in itself sufficient to give the insurer a clear right to assume the offensive in a court of equity and there seek the affirmative relief of cancellation. *New York Life Ins. Co. v. Steinman,* 103 *N. J. Eq.* 403, 143 *A.* 529; *New York Life Ins. Co. v. Renault,* (*D. C.*) 11 *F.*(2d) 281.

The bill in this case having been filed before the period of contestability expired, I am of the opinion that jurisdiction clearly exists in the court to entertain it.

While there is jurisdiction in the court to entertain this bill, it does not necessarily follow that the court should do so, or rather that the court should under the circumstances do more for the present than hold the cause in suspension. It appears from the plea that before the pending bill was filed the defendant had instituted an action at law against the complainant. The action is now pending. That action is disclosed by the declaration subsequently filed to be a suit upon the policy here involved. We have then a case where fraud is sought to be drawn before the court in an equity cause as a basis for affirmative relief, and the same fraud is in condition to be litigated by the aggrieved party by way of defense in a law action previously inau-

gurated by his adversary. In such case this court will not, in the absence of an equitable necessity, exercise its injunctive process to interfere with the prior and pending proceedings at law. *Flaherty v. Industrial Trust Co.*, 20 *Del. Ch.* 403, 178 *A.* 586.

But the complainant contends that under the facts shown, its remedy at law by way of defense to the action is not as full and complete as is the remedy which equity can afford. This contention rests on the distinction which is said to exist between the elements of proof necessary to support a charge of fraud in an action at law on the one hand and in a suit in equity on the other. According to this distinction, fraud when applied to misrepresentations in a law action must be attended with actual knowledge of the falsity of the representations or with such circumstances that the law will impute such knowledge to the party; whereas in equity it is sufficient to show merely that the representations were false, that they were material and that they misled the party to whom they were made, notwithstanding the party making them believe them to be true and so made them in good faith. *New York Life Ins. Co. v. Marotta, et al.*, (*C. C. A.*) 57 *F.* (2d) 1038, is cited in support of this distinction. In the light of the distinction contended for, it is argued that the complainant should be permitted to litigate the question of fraud in this court where fraud in the broader sense of equity may be relied upon, and not remitted to the law court where fraud in only the narrower legal conception of the term will be recognized as a defense. To compel the complainant to seek its relief against the alleged fraud by way of a defense in the law action is therefore, it is argued, tantamount to sending it to a forum where the remedy is not as adequate as in equity.

It is to be noted that the bill as originally drawn charged fraud in the legal sense. The complainant resorted to amendments in order to remove from the bill all allegations of fraudulent knowledge on the part of the assured.

The bill as amended does not, however, negative such guilty knowledge. Indeed knowledge may be said to be implied from the allegation remaining in the bill that the assured fraudulently concealed the facts. The questions and false answers made thereto by the assured are before the court. To believe that the assured honestly and in good faith represented that he had not within ten years before the application for insurance suffered from any bodily disease or infirmity, or received any medical or surgical advice or attention, or that he had not within that time consulted a physician, when the fact was that the assured, within the preceding year had been in a hospital for three days under treatment for cancer of the left lung, would be an exercise of credulity which no sensible person would care to be exposed as exhibiting. Yet the complainant in substance asks the court on the bare showing of the questions and false answers, to presume that the assured was honestly in ignorance of the falsity of his answers. Even if the bill expressly alleged that the assured made his answers in an honest belief that they were true, it would still be highly debatable whether allegations and some additional facts should not be made in explanation of how it could possibly be that a man could be as far from the truth with respect to vital matters that were fresh in his experience as was the assured in this case.

The foregoing would suggest that the plea should be sustained. As, however, the defendant, the plaintiff in the law action, might discontinue her suit and then, the period of contestability having already expired, institute another one, the complainant, if the pending bill shall have been dismissed following the sustaining of the plea, might find itself without remedy anywhere. The bill which was filed before the expiration of the period ought, therefore, to be retained for the complainant's future protection in case the need for it should arise. While the bill is retained, proceedings under it should be stayed during the pendency of the law suit. In order to accomplish this result, it would appear

that the advisable order to enter would be one overruling the plea, and staying further proceedings in the cause until after the termination of the pending action at law or until further order of the Chancellor, without prejudice to the right of the defendant to file such other pleadings, including a plea, as she may be advised is proper in the event the stay is removed by later order.