LOUIS C. MAULL,

*vs.*

JOHN J. STOKES.

*Sussex, August 11, 1949.*

*Daniel J. Layton,* for plaintiff.

*James M. Tunnell, Jr.,* of the firm of Tunnell & Tunnell, for defendant.

HARRINGTON, Chancellor: John J. Stokes, the defendant, is a contractor and builder and received certain sums of money from Louis C. Maull under a contract to build a house and garage for him at Lewes. Maull had directed certain work done which was not covered by the contract, and Stokes subsequently filed a mechanic's lien suit in the Superior Court for Sussex County seeking to establish a lien on Maull's property for a balance alleged to be due.

The question is whether this court can compel Stokes to account to Maull for the expenditure of the moneys received, and thereby determine the rights of the parties.

Maull largely bases his right to an accounting on *paragraph* 3652, § 62 of the *Revised Code of* 1935, *as amended by. Chapter* 163, *Volume* 44, *Laws of Delaware.*

The complaint, in substance, alleges an express contract by Stokes to erect a dwelling house and garage, completed to the satisfaction of Maull, within a reasonable time, free of all liens of mechanics or others for $12,000; a clarification showing that certain things were to be included in the contract price; changes and additions to the building, the cost of which should in no event exceed $3,000; payments by Maull to Stokes amounting to $10,500, payments by Maull of plumbing and heating expenses, aggregating $1359.50, and included in the contract price, payments of $5892.67 to materialmen to avoid the filing of mechanics' liens, and the proceeding of Stokes to establish a mechanic's lien against Maull's property for $6,937.97, with interest from December 2, 1948, and a 5% attorney's fee.

The complaint also charges the use of material on work done for other people by Stokes, but paid for from the moneys received from Maull; payments of similar sums of money

for labor done on other work and the amount charged to Maull, and payments for labor not performed and unnecessarily performed; that the charges in the account of the defendant are unfair, unreasonable and exorbitant: that no account has been rendered by Stokes for the sum of $10,500 received by him; that Stokes' accounts are multifarious and complex, and that Maull owes him nothing, but on the contrary an accounting will show that Stokes is indebted to the plaintiff.

*Paragraph* 3652, § 62 of the *Revised Code of* 1935, *as amended by Chapter* 163, *Volume* 44, *Laws of Delaware,* provides in part:

"All moneys or funds whatsoever received by a contractor in connection with a contract for the erection, construction, completion, alteration or repair of any Building * * * are hereby declared to be trust funds in the hands of such contractor.

\* \* \* \* \* \*

"It shall be unlawful for any contractor, as above defined, or any agent of such contractor, to pay out, use or appropriate any of such moneys or funds until the same have first been applied to the payment of the full amount of all moneys due and owing by such contractor to all persons, firms, association of persons or corporations * * * furnishing labor and/or material * * * for the erection, construction, completion, alteration or repair of * * * such building * * * whether or not the same were furnished on the credit of such building * * * or on the credit of such contractor."

Because of the inadequacy of the old legal remedy of account render, a bill for an accounting has long since become an established branch of equity jurisdiction in appropriate cases. *Tharp v. St. Georges Trust Co.,* 27 *Del. Ch.* 216, 34 *A.* 2d 253; *Wolf v. Globe Liquor Co.,* 30 *Del. Ch.* 286, 59 *A.* 2d 276; 4 *Pomeroy Eq. Jur.,* (*5th ed.*), §§ 1420, 1421. Moreover, if equity once had jurisdiction in such cases and it has not been taken away by statute in clear and unequivocal terms, or by necessary implication, the adequacy of a legal remedy is not a factor in determining whether an action for an accounting will lie. *Glanding v. Industrial Trust Co.,* 28 *Del. Ch.* 499, 45 *A.2d* 553; *Theisen, Admr., v. Hoey, et al.,*

29 *Del. Ch.* 365, 51 *A.2d* 61; *Wolf v. Globe Liquor Co., supra.* Since an early date, equity has had the unquestioned right to compel the trustee of a fund held under an express trust, to account regardless of other remedies at law. 4 *Pomeroy Eq. Jur., supra,* § 1421.

The statute, *par.* 3652, *as amended,* provides that all moneys received by a contractor in connection with a contract for the erection of any building "are declared to be trust funds" in his hands. While this language does not create a trust in the true sense of that term, the statute when read as a whole clearly creates a fiduciary relation of that nature between the contractor and the owner. *Cf. Kane v. Bloodgood,* 7 *Johns. Ch.* 90, 11 *Am.Dec.* 417; *Young v. Mercantile Trust Co., (C.C.)* 140 *F.* 61; 65 *C.J.* 213. With respect to funds received from the owner, the contractor is charged with the duty to pay all bills created by him for labor and materials before he can use any part of them for other purposes. A failure to do this is made a misdemeanor punishable by law.

Under the Mechanics' Lien Law, § 3324, *etc., Revised Code,* 1935, persons furnishing labor or materials to a contractor for the construction of any building may procure liens on the property for any unpaid amounts due from the contractor, though the debts were created without the owner's knowledge and the contractor has been paid the full agreed price. *State v. Tabasso Homes, Inc., et al.,* 3 *Terry* (42 *Del.*) 110, 11, 28 *A.* 2d 248. There is, therefore, an implied relation of principal and agent between the owner of the property and a general contractor for the construction of a building thereon, with respect to the right to procure the necessary labor and materials; and one of the primary purposes of *paragraph* 3652 is for the protection of the owner. *Id.* Equity will not compel an agent to account to his principal merely because of the existence of that relation. *Tharp v. St. Georges Trust Co., supra;* 4 *Pomeroy, supra,* § 1421. But in analogy to trusts, it usually has juris-

diction when there is a fiduciary relation between the parties, and the matters for which an accounting is sought are peculiarly within the knowledge of the agent. *Tharp v. St. Georges Trust Co., supra;* 4 *Pomeroy, supra,* §§ 1421, 1097; 2 *Amer. Jur., Agency,* § 286. Compare *Wolf v. Globe Liquor Co., supra.* Other circumstances, such as complicated accounts, though on one side, may make a stronger case for the plaintiff. 4 *Pomeroy, supra,* § 1421; see also 1 *Ency.Pl. & Pr.* 93, 95; *Illinois Finance Co. v. Interstate Rural Credit Assoc.,* 11 *Del.Ch.* 349, 101 *A.* 870.

But conceding the general jurisdiction of this court to compel an accounting in a case of this nature, the important question is whether it will enjoin Stokes from prosecuting the pending mechanic's lien proceeding against Maull. Though there be a fiduciary relation between the parties, if there is no real trust equity does not have exclusive jurisdiction over the controversy. 1 *Pomeroy, supra,* §§ 157, 158; *Kelly v. Schwinghammer,* 78 *N.J.Eq.* 437, 79 *A.* 260. When there is a concurrent remedy at law and an action has been brought there, the adequacy of that remedy is, therefore, controlling in determining whether equity will enjoin it and take over the controversy. 1 *Pomeroy, supra,* §§ 179, 180, 217; 4 *Pomeroy, supra,* § 1363. Each case depends upon its own facts but that step will only be taken when necessary to do complete justice between the parties. See *Ely v. Crane,* 37 *N.J.Eq.* 157, on app. 37 *N.J.Eq.* 564, 571; *Inhabitants of Tp. of Cranford v. Watters,* 61 *N.J.Eq.* 284, 48 *A.* 316; *cf. Flaherty v. Industrial Trust Co.,* 20 *Del.Ch.* 403, 178 *A.* 586.

Labor and materials used under the original contract and labor and materials for extra work must be separated and properly allocated in determining whether there is a balance due Stokes. The use of money received by Stokes from Maull to pay for labor done and materials used for other people is also charged.

In view of the numerous details connected with the transactions, it seems reasonable to conclude that the rights

of the parties, and particularly Maull's defense, could not be accurately and fairly determined by a jury in an action at law. All of these details are peculiarly within the knowledge of Stokes and should be disclosed by him. If the concealed fraud charged in the bill and supported by the affidavits exists, the machinery of this court is better adapted to discover it than a court of law. *Cf. Kirby v. Lake Shore, etc. R. R. Co.*, 120 *U.S.* 130, 7 *S. Ct.* 430, 30 *L.Ed.* 569. Legal rights are involved, but as we have seen the statute clearly makes Stokes a fiduciary with respect to the funds received. Should the accounting show a balance due him equity, though it cannot order a lien entered against Maull's property, has its own methods of enforcing its orders and decrees.

An appropriate order will be entered directing an accounting, and that a preliminary injunction issue.