STATE OF DELAWARE, Plaintiff, v. BENJAMIN F. PIERSON, Defendant.

(*January* 30, 1952.)

HERRMANN, J., sitting.

*H. Albert Young,* Attorney-General, and *Louis J. Finger,* Deputy Attorney-General, for the State.

*Robert C. Barab* for the defendant.

Superior Court for New Castle County, No. 58, November Term, 1951.

HERRMANN, J.:

Count I of the Indictment charges that the defendant received money "in connection with a contract \* \* \* for the sale of land \* \* \* and for the construction of a house thereon and did thereafter \* \* \* pay out, use and appropriate the said money prior to paying any of the money so received to satisfy lawful claims of any persons \* \* \* for labor and/or materials contemplated in the aforesaid contract \* \* \*."

This count is based upon 1935 *Code* 3652, *as amended by* 44 *Delaware Laws, Chapter* 163[1]. The question for decision is whether the Count states an offense under the Statute. Count I of the Indictment alleges misappropriation of funds before payment for labor and materials "contemplated" by the contract. The Count does not allege misappropriation of funds and failure to pay for labor and materials actually furnished for the

---

[1]The Statute involved provides as follows:

"3652 Sec. 62. Moneys Received for Erection of Building Declared Trust Funds; Unlawful to Use or Pay out Said Funds Until All Claims Due for Labor and Materials are Paid:— \* \* \*

"It shall be unlawful for any contractor, \* \* \* to pay out, use or appropriate any of such moneys or funds until the same have first been applied to the payment of the full amount of all moneys due and owing by such contractor to all persons, firms, association of persons or corporations (including surveyors and engineers) furnishing labor and/or material (including fuel) for the erection, construction, completion, alteration or repair of, or for additions to, such building, whether or not said labor and/or material entered into or became a component part of any such building or addition and whether or not the same were furnished on the credit of such building or addition or on the credit of such contractor."

"3653 Sec. 63. Penalty For Violation:—Any contractor, \* \* \* who shall pay out, use or appropriate, or who shall consent to the paying out, use or appropriation of any such moneys or funds, prior to paying in full or pro-rata to the extent of the moneys or funds so received as aforesaid, all the lawful claims of all persons, firms, associations of persons or corporations (including surveyors and engineers) "furnishing labor and/or materials (including fuel), as aforesaid, shall be guilty of a misdemeanor and upon conviction thereof, shall be sentenced to pay a fine not exceeding one thousand dollars or be sentenced to imprisonment for a term not exceeding three years, or both."

construction. More specifically stated, then, the question presented is this: Has an offense under the Statute been stated where a building contractor is charged with misappropriation of money received by him for the construction of a house, but where he is not charged with failure to pay actual claims of persons furnishing labor and materials for the house?

The Count may not be upheld unless it is clear from the language of the Statute that, in enacting this Law, the Legislature intended to cover the offense of fraudulent misappropriation of money by a contractor who has either incurred no claims for labor or materials or who has paid all such claims.

The meaning, purpose and scope of this Statute has been heretofore considered. In *State v. Tabasso Homes, Inc., et al.*, 3 *Terry* 110, 28 *A.* 2d 248, 253, this Court stated that the Statute here involved may be considered to be a corollary or supplement to the Mechanics Lien Law and that the objects and purposes of the Statute are (1) to protect the owner against the claims of sub-contractors where the owner has made payment to the general contractor; and (2) to give sub-contractors protection against misappropriation of funds by general contractors[2]. Recognizing that an implied agency exists between a contractor and an owner with respect to persons furnishing labor and material, the Court stated: "It is this fact of agency of the contractor for the owner that furnishes much of the purpose and reason of the present statute. When an owner contracts for the erection of a building all sub-contractors, laborers or materialmen engaged in such building operation can, as we have seen, obtain direct liens against the property. For the prevention of these liens all funds paid to the contractor on account of the erection of the building may be said to constitute trust funds for the payment of claims that could materialize into liens. The

---

[2]In the cited case, the Court considered the original Statute before amendment. The cited case apparently gave rise to the amendment (44 *Delaware Laws, Chapter* 163). The amendment did not change the basic purpose of the Statute.

statute has for its object both the protection of the owner whose property, by reason of the implied agency of the contractor, may be made liable for sub-contracts, labor or material furnished for the building, and to give additional protection to the sub-contractors, laborers or materialmen engaged upon the building." See also *Maull v. Stokes, Del. Ch.,* 68 *A.* 2d 200.

There is no ambiguity in the Statute. The legislative intent is clear. This Statute was designed to protect the owner against a dishonest contractor, but only to the extent of protecting him against double liability on claims of sub-contractors, laborers or materialmen. The Statute must be given effect according to its plain and obvious meaning, and its application must be limited to cases clearly within the statutory language used. The Court may not, under the guise of interpretation, extend a criminal statute to cover offenses which are not specifically set forth in the law and which are not clearly within the intendment of the Legislature. It is clear that this Statute has not been violated unless there are unpaid claims for labor and materials which should have been paid by the contractor out of the moneys misappropriated by him.

Accordingly, the facts set forth in Count I of the Indictment do not constitute an offense under the Statute upon which that Count is based. It follows that Count I must be quashed.