CARROLL F. BEARD, CHARLES ELMER MOORE, WILLIAM ALLEN HASTINGS, VAN LEER STEPHANY and GEORGE H. TURNER v. WEST MANOR APARTMENTS, INC., a corporation of the State of Delaware, and HELEN C. WEST.

(*March* 13, 1957.)

CAREY, J., sitting.

*Arthur Dean Betts* for plaintiffs.

*Frederick P. Whitney* for defendants.

Superior Court for Sussex County, No. 273, Civil Action, 1953.

CAREY, J.:

This is an action to recover money allegedly paid under a mistake of fact. There are two counts in the complaint, but only the first count is presently involved. Defendants have moved to dismiss the first count upon the ground that it states a cause of action cognizable only in a Court of Equity, not in a common law proceeding.

A full statement of the allegations in the complaint is unnecessary. It will suffice, for present purposes, to say that the defendants signed an agreement, not under seal, to sell certain property to the plaintiffs, final settlement to be made at a future time. The final settlement was never consummated, plaintiffs having informed defendants prior to settlement date of their determination to rescind the contract. The complaint charges that the plaintiffs paid Mrs. West the sum of $5,000 upon the signing of the agreement; that the payment was made, and the contract entered into by them, because of a mutual mistake of material fact.

Defendants contend that, even if mutual mistake actually existed, this Court lacks jurisdiction for several rea-

sons. First, they suggest that the contract itself contains all the obligations entered into between the parties and that a Court of Law cannot receive evidence in conflict with that contract. As authority for this position they cite *Farquahar v. Farquahar*, 194 *Mass.* 400, 80 *N. E.* 654. The line of thought suggested by that case, however, is not applicable here because, in the present instance, the alleged mistake is not in any provision of the contract itself or in the amount of consideration that was to be paid, as was true in the *Farquahar* case. Here plaintiffs do not aver any error in the written agreement itself, nor do they seek to alter or question any provision in it; the alleged mistake was a misunderstanding concerning certain assets which were to be transferred to the plaintiffs, and which allegedly materially affected the value of those assets.

Secondly, relying upon *Main v. Western Loan & Bldg. Co.*, 167 *Wash.* 1, 8 *P.* 2d 281, defendants argue that the plaintiffs had no right to rescind the contract over objection of the other party and recover payments in a law action, but must bring a direct action in Equity for the purpose of having that Court enter an order of recission. The authority cited seems to stand for that proposition, but it is manifestly contrary to the great weight of authority in this country. See the annotation in 95 *A. L. R.* 1000; 3 *Corbin on Contracts* 451, etc. No reported Delaware case seems to touch directly upon this point, at least where the ground for recission is mistake; where there was fraud in the inducement of a simple contract, however, our Supreme Court has indicated that the vendee may himself rescind, return the property bought and sue in *assumpsit* for the return of any consideration paid. *Phoenix Oil Co. v. Mackenzie Oil Co.*, 4 *W. W. Harr.* 460, 154 *A.* 894. There is no reason to draw a distinction in this respect between rescission based upon mistake and one based upon fraud. The rule of the *MacKenzie* case will be followed here.

Thirdly, defendants contend that, should mistake be established by plaintiffs, defendants would then have certain rights which can be protected only by a Court of Equity. For example,

since a small lot of land was included among the assets which defendants agreed to convey, they argue that cancellation by a Court would be necessary in order to remove any doubt concerning plaintiffs' future interests in that land. Furthermore, they state that an accounting would be required because plaintiffs had possession of the assets for several months.

 I must decline to consider this contention. Whether or not cancellation is required cannot be determined by this Court. The need for an accounting is not pointed out in the pleadings, and, assuming the necessity for one, I do not know if it would be so complicated as to require relief in equity. In any event, the motion now before the Court is to dismiss the first count of the complaint. A complaint good on its face may not be dismissed simply because there may be possible defenses cognizable only in Equity. Defendants' remedy in such a situation would be to bring a new action in the Court of Chancery to restrain further proceedings in this Court and to obtain the needed relief. 1 *Pomeroy's Equity Jurisprudence* 424; *Maull v. Stokes,* 31 *Del. Ch.* 188, 68 *A.* 2d 200; *Flaherty v. Industrial Trust Co.,* 20 *Del. Ch.* 403, 178 *A.* 586. See, also *Timmons v. Campbell, Del. Ch.,* 111 *A.* 2d 220, where a purely equitable defense which the law Court had refused to recognize was made the subject of affirmative action in Chancery by the loser of the law suit.

Defendants' motion must be denied.