# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| CANDY WILLIAMS & JACKIE FERRIS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No: S22C-09-019 MHC |
| JOHN M. LESTER Jr. d/b/a BANNER CUSTOM BUILDERS & BANNER CUSTOM BUILDERS DESIGNERS, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Submitted: January 17, 2023
Decided: January 25, 2023

*Upon Consideration of Defendants' Motion to Dismiss,* **GRANTED.**

Dean A. Campbell, Esquire, Law Office of Dean A. Campbell, P.A., Milton, Delaware, *Attorney for Plaintiffs.*

Sean A. Meluney, Esquire, Meluney Alleman & Spence, LLC, Lewes, Delaware, *Attorney for Defendants.*

**CONNER, J.**

On December 16, 2022, John M. Lester Jr. d/b/a Banner Custom Builders and Banner Custom Builders Designers' ("Defendants") Motion to Dismiss was presented to this Court. During the course of oral argument, the Court was prepared to grant the Motion to Dismiss with prejudice. Dismissal of the case was appropriate because it was clear from the contract the projected cost was only an estimate and the parties did not bargain for an accounting at the conclusion of the project.[1] However, counsel for Candy Williams and Jackie Ferris ("Plaintiffs") requested the Court grant the motion without prejudice so that Plaintiffs could seek an equitable remedy in the Court of Chancery. Defendants objected to a dismissal without prejudice. The Court allowed for supplemental briefing on the issues of whether the Complaint should be dismissed with or without prejudice and whether the Court of Chancery can assert jurisdiction over the matter. The Court finds as follows:

1. On or about July 15, 2019, Plaintiffs and Defendants entered into a contract for Defendants to act as construction management for Plaintiffs' new home. The estimated time for the project was 10 months, meaning the construction was completed some time in the summer of 2020.[2] The Complaint was not filed until September 20, 2022, approximately two years after the completion

---

[1] Plaintiffs concede they cannot prove the breach of contract claim regarding the estimate.
[2] Neither the Complaint nor the briefings from the parties contain the exact date that construction on the home was completed. It was also admitted by both Plaintiffs' and Defendants' counsel at oral argument that an exact date is not known.

1

of the project. The Complaint alleges Defendants breached the contract by exceeding the estimated project cost and failing to provide an accounting.

2. Plaintiffs argue in their Supplemental Submission that the second alleged breach of contract claim, the failure of Defendants to provide an accounting, is a matter for the Court of Chancery to decide and therefore this Court lacks jurisdiction. The Plaintiffs further state this Court lacks jurisdiction because the breach is based on a fiduciary duty between the parties and the Court of Chancery is the appropriate Court to decide such issues.

3. In arguing that a fiduciary relationship existed and that the Court of Chancery is the proper Court to decide the issue, Plaintiffs rely heavily on *Maull v. Stokes*.[3] Despite Plaintiffs' reliance, this Court's reading of *Maull* persuades the Court to grant Defendants' request to dismiss the case with prejudice.

4. In *Maull,* the Court discussed what is now known as 6 *Del. C.* § 3502.[4] *Maull* states that § 3502 does not create a trust in the traditional sense of the term, but instead creates a fiduciary relationship between the contractor and owner.[5] However, despite a fiduciary relationship between the parties, a lack of a real trust means an equity court does not have exclusive jurisdiction over the

---

[3] *Maull v. Stokes*, 68 A.2d 200 (Del. Ch. 1949).
[4] Section 3502 reads in pertinent part, "All moneys or funds received by a contractor in connection with a contract for the erection, construction, completion, alteration or repair of any building . . . shall be trust funds in the hands of the contractor."
[5] *Maull*, 68 A.2d at 202.

controversy.[6] Instead, "[w]hen there is a concurrent remedy at law and an action has been brought there, the adequacy of that remedy is, therefore, controlling in determining whether equity will enjoin it and take over the controversy."[7] A court of equity taking over the controversy happens on a case-by-case basis after examining the facts of each situation.[8]

5. Defendants cite to *McMahon v. New Castle Associates* which discusses in depth the Court of Chancery's jurisdiction, fiduciary relationships, and required accountings.[9] In *McMahon*, the complaint alleged a legal claim for damages.[10] The complaint did not allege a relationship between the parties that is uniquely recognized in the Court of Chancery or facts that would entitle the plaintiff to any remedy that is uniquely available in the Court of Chancery.[11] Due to this, the Court held that the plaintiff's remedy at law was fully adequate and the Court of Chancery lacked subject matter jurisdiction of the matter.[12]

6. Regarding the fiduciary duty specifically, the Court in *McMahon* stated the Court of Chancery takes jurisdiction over certain fiduciary relationships

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *McMahon v. New Castle Associates*, 532 A.2d 601 (Del. Ch. 1987).
[10] *Id.* at 602.
[11] *Id.*
[12] *Id.*

because equity is the source of the right asserted.[13] The Court defined a fiduciary relationship as "a situation where one person reposes a special trust in and reliance on the judgment of another person or where a special duty exists on the part of one person to protect the interests of another."[14] The Court emphasized that attention must be paid to the word "special" because it narrows the type of fiduciary relationship the Court of Chancery exerts exclusive jurisdiction over. The Court went on to say, "[o]ne may place trust in a workman of any sort . . . but it would hardly be contended that such trust would warrant chancery's assuming jurisdiction over a claim that a workman . . . caused injury by want of due care."[15] Extremely similar to the case at hand, Plaintiffs and Defendants do not possess the type of "special" fiduciary relationship needed for the Court of Chancery to assume jurisdiction.

7. *McMahon* also discussed required accountings. "[A] request for an accounting by a *fiduciary* is a recognized basis for chancery jurisdiction."[16] As previously discussed, Plaintiffs and Defendants relationship does not rise to the "special" fiduciary level needed for the Court of Chancery to assume jurisdiction. Furthermore, due to the broad nature of discovery in Superior Court, the Court

---

[13] *Id.* at 604.
[14] *Id.*
[15] *Id.*
[16] *Id.* at 605.

of Chancery rarely, if ever, needs to be turned to for accountings in purely commercial relationships,[17] such as the one between Plaintiffs and Defendants.

8. Here, Plaintiffs received what they contracted for, a newly constructed home albeit at a higher cost than estimated. Plaintiffs' claims are not viable as a matter of law and they cannot be revised by amendment. Therefore, the claims must be dismissed with prejudice. "Chancery jurisdiction is not conferred by the incantation of magic words."[18] A fully adequate legal remedy is available in this Court that conforms with 10 *Del. C.* § 342.[19]

**NOW, THEREFORE,** this 25 day of January 2023, Defendants' Motion to Dismiss is hereby **GRANTED WITH PREJUDICE**.

    **IT IS SO ORDERED.**

/s/ *Mark H. Conner*
_____
Mark H. Conner, Judge

---

[17] *Id.*

[18] *Id.* at 603.

[19] Section 342 reads in full, "The Court of Chancery shall not have jurisdiction to determine any matter wherein sufficient remedy may be had by common law, or statute, before any other court or jurisdiction of this State."