MARION COOPERSTEIN, complainant-respondent,

*v.*

MORRIS L. SHAPIRO, defendant-appellant.

[Submitted February term, 1935. Decided May 17th, 1935.]

*Mr. Egbert J. Tamblyn* and *Mr. Ralph E. Lum,* for the complainant-respondent.

*Mr. Samuel Koestler,* for the defendant-appellant.

338

The opinion of the court was delivered by

CASE, J.

This is an appeal from a decree in chancery directing the defendant to pay the complainant, in addition to costs and counsel fee, the sum of $7,168.75, that being the $5,000 named in the agreement presently set forth with interest thereon from the date of that agreement, less $300 conceded by the complainant to have been paid on account of interest. Defendant appeals.

The bill of complaint alleged that complainant "delivered" to the defendant the sum of $5,000 to be used by him "in a certain real estate investment" and received from him the following memorandum of agreement:

"June 16, 1926.

Received of Mrs. J. Cooperstein, Five Thousand ($5,000) Dollars. This amount of money with 6% interest is to be paid back and an addition of (¼) one-fourth of the net profit if the Charles C. Beck tract in Long Beach Township, New Jersey, is sold in bulk.

If Mr. Shapiro develops the above tract and improves same with streets and etc., and after lots are sold and money enough collected, then, in addition to the money invested and 6% interest Mrs. Cooperstein is to receive Five Thousand ($5,000) Dollars profit."

The bill further alleged that the real estate in question had been conveyed by defendant to his wife and by his wife to his son, and that defendant was thereby divested of all interest in and to the same; that defendant had paid complainant $300 as interest but nothing else and had made no accounting. The bill prayed (1) for an answer; (2) that the defendant be required to account and be decreed to pay the complainant $5,000 with interest and (3) that subpœna issue. There was a comprehensive answer and a formal joinder of issue. No testimony was taken. Following a short colloquy between the lawyers and the court the case went to the court, on complainant's suggestion, as on bill and answer. The decree recites that the complainant waived her rights to an accounting as to profits; it has the effect of a simple money decree.

The bill did not disclose complainant's conception of the legal aspect of the transaction sued upon. The opinion filed in the court below incidentally calls the transaction a "borrowing" but concludes that it was a joint adventure subject, as would be a partnership, to equitable intervention for the purposes of dissolution and accounting. The only reasonable construction of the allegation in the bill and of the agreement is that the real estate investment consisted of the Charles C. Beck tract in Long Beach township and that the tract was to be marketed in one of two ways, viz., by sale in bulk or by development and sale by lots; if by the former method then the complainant was to be paid her investment with interest and one-fourth of the net profit, and if by the latter she was to be paid her investment with interest and $5,000 profit.

The appeal must be determined upon the assumption that the arrangement between the parties was, as chancery determined, a joint adventure. The arrangement may not here be treated as a loan. If a loan, it was usurious and complainant is therefore not entitled to the recovery of the interest. *4 Comp. Stat. p. 5705 § 2; Leipziger* v. *Van Saun 64 N. J. Eq. 37; D'Onofrio* v. *Galliotto, 118 N. J. Eq. 271.* There was no charge or showing of fraud at the inception, and no apparent reason why the court of chancery should assume jurisdiction of a proceeding to recover a money judgment on a loan. It is clear that the court below accepted jurisdiction under the rule, stated in *Braddock* v. *Hinchman, 78 N. J. Eq. 270,* that where parties engage in a joint adventure to share profits and losses, equity may entertain jurisdiction very much upon the principles applicable to partnerships. There is no argument here and there was no finding below upon the question of whether or not the agreement placed upon Morris L. Shapiro an obligation to repay independently of the financial outcome of the enterprise.

We have it, then, that complainant and defendant entered into a *quasi* partnership, designated a joint adventure, by the terms of which complainant invested $5,000, with prior rights over her co-adventurer, in the proceeds from a land project.

The charge in the bill is that a reasonable time had elapsed within which the money should have been repaid and that the defendant had meanwhile divested himself of all interest in the land. The answer sets up, *inter alia,* that the conveyances from the defendant to the defendant's wife and from the latter to the defendant's son had been made to save the land for the purposes of the agreement in that there was, for a time, imminent danger that judgments would be entered against the defendant and become liens upon the real estate, as for instance in an action which plaintiff's husband had brought in the law courts against the defendant, later decided in defendant's favor, upon the very agreement now under litigation; and that at all such times the title was held in trust for the defendant to be returned as and when requested, and that forthwith upon the institution of this suit the legal title was reconveyed to defendant by deed duly recorded.

If a complainant proceed to a hearing on bill and answer, the facts well pleaded in the answer are to be taken as true. Chancery act. *1 Comp. Stat. p. 422 § 31; Doremus v. Cameron, 49 N. J. Eq. 1; McCran v. Western Union Telegraph Co., 94 N. J. Eq. 281.* Passing over the assertions in the answer as to the intentions and motives of the defendant (*Belford v. Crane, 16 N. J. Eq. 265*), we take as well pleaded the allegations of the answer responsive to the charge that the defendant had divested himself of all interest in and to the land.

The relation of joint adventurers, like that of co-partners, is fiduciary, one of trust and confidence, calling for the utmost good faith. *Bowne v. Windsor, 106 N. J. Eq. 415; affirmed, 108 N. J. Eq. 274; Jackson v. Hooper, 76 N. J. Eq. 185.* The defendant had so acted that chancery was justified in finding that he had not measured up to that standard. A winding up of the transaction and of mutual rights and obligations is perhaps assumed in the relief granted below but should be specifically decreed. All of the complainant's funds, and many thousands of dollars besides, went into the legitimate disbursements of the enterprise. The lands, sole subject of the venture, were at all times held either by or in

trust for the defendant for the uses of the agreement. The legal title is now, and was at and prior to the joining of issue in chancery, fully in the defendant. Therefore the thing itself, which was the exclusive subject of the compact, is subject to the court's direction. There is nothing before us to show the market value of that property, whether more or less than the amount of the decree. Nothing that the defendant has done or failed to do has, so far as the facts show, lessened the value. As the case comes to us the amount of complainant's recovery must be limited to the value of the assets that are, or of right should be, in the venture; not, of course, in excess of her just claim. We discern no reason why a sale should not be decreed, as is usual in partnership dissolutions to create a divisible fund where the parties do not agree upon values and a taking over of the property in kind. If the court below deems proper to make such a direction alternative to the payment by the defendant of a fixed sum, we voice no objection. But a flat money decree regardless of the worth of the property and without proof thereon may not stand under the issue as made by the pleadings and the theory upon which decision was rendered.

We find no other error in the matters presented on appellant's brief.

The judgment below will be reversed and remanded for such action by the court of chancery as is not inconsistent with this opinion.

*For affirmance*—None.

*For reversal*—The CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.