MARION COOPERSTEIN, complainant-respondent,

*v.*

MORRIS L. SHAPIRO, defendant-appellant. .

[Argued February 10th, 1937.   Decided July 7th, 1937.]

*Messrs. Lum, Tamblyn & Fairlie (Mr. Ralph E. Lum,* of counsel), for the respondent.

*Mr. Samuel Koestler,* for the appellant.

The opinion of the court was delivered by

RAFFERTY, J.

This is an appeal from a decree, based upon a master's report, ordering that the involved premises be sold by a special master of the court of chancery and that he pay out of the proceeds thereof, in the first place, the sum of $5,000, with interest, costs of suit, &c., to Marion Cooperstein, respondent; in the second place, a designated sum, covering his expenditures, &c., to Morris L. Shapiro, appellant, and, should there be a net profit from such sale after deducting these payments, respondent shall be paid one-fourth thereof and the remaining three-fourths to appellant.

The principal points urged by appellant are that a certain instrument, styled as a receipt, does not operate to give priority to respondent; that appellant should be subrogated to the lien of a certain mortgage on the premises made and executed by appellant and ultimately paid by him; and, lastly, that, prior to any payment to respondent, appellant should be repaid certain moneys advanced by him and expended for improvements to the property.

This cause has heretofore been considered by this court. The facts of the case and the apposite legal principles upon which it must be based are clearly stated in the opinion of this court written by Mr. Justice Case. *Cooperstein* v. *Shapiro, 118 N. J. Eq. 337.* Remand was made for such action by the court of chancery as would not be inconsistent with that opinion.

In its opinion this court clearly stated that respondent's recovery must be limited to the value of the assets of the venture, not in excess of her just claim, and, the parties not agreeing upon values and a taking over of the property in kind, a sale of the premises should be decreed to create a divisible fund.

Upon the matter being reconsidered in the court of chancery, it was decreed that the partnership of the parties in the nature of a joint venture, be dissolved and reference made to a special master to make sale of the premises and to report

on other phases of the matter. This action is also appealed from.

It is convenient to here again set out the memorandum of agreement made between the parties at the inception of this business relationship, which is as follows:

"June 16, 1926.

Received of Mrs. J. Cooperstein, Five Thousand ($5,000) Dollars. This amount of money with 6% interest is to be paid back and an addition of (¼) one-fourth of the net profit if the Charles C. Beck tract in Long Beach Township, New Jersey, is sold in bulk.

If Mr. Shapiro develops the above tract and improves same with streets and etc., and after lots are sold and money enough collected, then, in addition to the money invested and 6% interest Mrs. Cooperstein is to receive Five Thousand ($5,000) Dollars profit."

That the foregoing was the entire agreement between the parties is evidenced by the testimony of appellant himself, who stated, "our profits were settled in the agreement." And, "it was settled June 16th, 1926, by the agreement." The course of conduct of the parties with respect to the transaction further settles the conclusion that it was the invariable purpose and intent of the parties that respondent and appellant were to engage in the enterprise of the purchase of the tract of land, respondent contributing $5,000 to the enterprise and appellant to be responsible for the arrangements of purchase of the tract and sale thereof, whether in lots or in bulk. The decision in all matters, including the development of the tract, laying of streets and other improvements rested exclusively with appellant. Appellant took title in his own name, divested himself of title and was re-invested in title on his own initiative. Appellant exclusively managed the property and directed all matters and operations pertaining to it. Appellant made and executed the $12,000 purchase-money mortgage, paid off and canceled the mortgage without exacting from respondent promise of payment or security for a proportion of this indebtedness.

All of these factors lead indisputably to the conclusion that the memorandum of agreement above set out, sometimes styled a receipt, was the whole contract between the parties, establishing a joint adventure in the purchase and sale of the particular tract of land and assuring to respondent out of

the proceeds of any sale the return of investment with interest and a stated amount of profit, variable only by the character of the premises when sold.

A joint adventure is not dissimilar to a partnership. *Cooperstein* v. *Shapiro, 118 N. J. Eq. 337, 340,* and cases there cited; the character of the relationship being more informal and usually limited to a single transaction although the conduct of the particular business may continue for a number of years. *33 C. J. 841 et seq.; 15 R. C. L. 500.* The contract between the parties establishing the joint adventure need contain no particular form of expression nor is formality of execution necessary. It may be express or may be implied in whole or in part from the conduct of the parties. *Jackson* v. *Hooper, 76 N. J. Eq. 185; 33 C. J. 847.* The right to equality of profits may be changed by contract between the parties. *15 R. C. L. 502.*

A careful reading of the agreement set forth above leaves no doubt whatsoever, especially when we consider that the management of the joint venture was exclusively in the hands of appellant, that the intention of the parties thereto was that the entire contribution of respondent was to be as therein stated and that respondent would share in the profits of the transaction as therein clearly outlined. The failure to state in the memorandum that the repayment to respondent was to be subject to a $12,000 purchase-money mortgage, about to be executed by appellant, although appellant insists that the parties knew of this feature of the transaction, is persuasive that the parties never intended that appellant should have a prior claim for the payment thereof.

Appellant was also aware of the obligation to pay interest on this mortgage security and of the obligation to pay the expenses of development and improvement of the tract should he decide that such development and improvement go forward, yet nowhere does it appear in the agreement that appellant is to be reimbursed therefor prior to the repayment to respondent. Whether, as appellant contends, respondent knew of these things, or not, it is to be reasonably inferred that these matters were within the contemplation of the parties at the time of the making of the agreement. That these were

details of sufficient importance to be included within the agreement and that they would not have been omitted by appellant if such was the understanding, cannot be gainsaid. This, it would seem, is a sufficient answer to the points urged by appellant on this appeal. The plain language of the agreement will not lend itself to the construction contended for by appellant nor will the facts of the case supply the deficiency.

If the interest of respondent was to be subordinate to the lien of the mortgage and to the repayment of moneys advanced by appellant and expended for the improvement of the property, &c., we may reasonably inquire as to why these conditions were not set out in the memorandum of agreement. If the repayment to respondent was not to have priority why does not the memorandum of agreement advise to this effect? The obvious answer is that it was not so intended. The reference to "net profit" in the memorandum can by no strain of language be made to apply to the repayment of the principal contribution, with interest, but refers exclusively to a separate and additional amount of money to be paid respondent upon it becoming available. This is clearly evidenced from the language of the second paragraph, which makes no reference to "net profit" but provides a fixed sum as profit.

Under the facts of this case we can come to no other conclusion than that appellant, with full knowledge of all of these circumstances, entered into the agreement of joint adventure with respondent and accepted the contribution of respondent with the mutual intention between the parties that respondent was to have a prior right to reimbursement, with interest, and to participate in any resulting net profits upon a sale of the premises in bulk or a fixed profit upon a sale in lots.

We have examined all other matters urged by appellant and find them to be without substantial merit.

The action of the court of chancery in the matters appealed from is affirmed.

*For affirmance*—The Chief-Justice, Parker, Lloyd, Case, Bodine, Donges, Heher, Perskie, Hetfield, Dear, Wells, WolfsKeil, Rafferty, Cole, JJ. 14.

*For reversal*—None.