HERMAN KURTH, complainant-respondent,

*v.*

ARTHUR MAIER, defendant-appellant.

[Submitted February term, 1943. Decided April 30th, 1943.]

*Mr. Paul M. Strack,* for the complainant-respondent.

*Mr. Laurence Semel,* for the defendant-appellant.

The opinion of the court was delivered by

BROGAN, CHIEF-JUSTICE.

This is an appeal from an order denying defendant's motion to strike out the bill of complaint. The reason advanced in support of the motion was that the complainant had an adequate remedy at law. The learned Vice-Chancellor, conceiving that the bill of complaint "sets forth a joint venture," &c., retained the bill. We proceed to examine the bill of complaint.

Its allegations are that in 1933 the complainant purchased, on margin, 100 shares of preferred stock in a corporation known as Warren Brothers; that the market price of the stock declined and the complainant, Mr. Kurth, was required to supply additional money or to sell out the account; that in order to acquire the stock outright complainant borrowed money from the defendant and between them it was orally agreed that the stock be pledged to the defendant as collateral for the loan; that the defendant transfer the stock to his own margin account carried on with another broker for the purpose of strengthening that account; that the stock should remain the property of the complainant. It was also agreed

that complainant's stock would not be sold without complainant's permission and that it would be returned to the complainant by the defendant upon the payment of the debt with interest; further, that should the defendant's position on margin with his own broker become imperiled the complainant's stock was not to be sold but rather defendant would dispose of all his own securities and that, in the event that a swift decline in the market should necessitate the sale of all the securities in the defendant's account (including the complainant's) the defendant would reimburse the complainant for his equity in the stock pledged. The bill then alleges that complainant repaid the loan in full and made demand on the defendant for the return of the 100 shares of stock. The final installment on the loan was paid on June 30th, 1940. The defendant refused to return the stock and then admitted he had sold fifty shares of it, at a low figure, in May, 1940. Repeated demands were made by complainant for the return of the entire lot of the stock. Defendant countered by offering to return the fifty unsold shares plus the amount of money realized from the sale of the balance of the stock in May, 1940. Complainant had paid $28 a share for the stock. The fifty shares sold by defendant brought a price of five and one-eighth dollars per share. At the time of the filing of the bill (August 4th, 1942) the stock was selling on the Exchange at $23.50 a share. To these allegations complainant adds that he has no adequate remedy at law and prays that the defendant account and "be ordered and decreed to deliver to complainant forthwith one hundred shares of Warren Brothers Convertible Preferred stock" and that in the *interim* he be restrained from pledging or selling it.

In our view, the facts exhibited in the bill of complaint do not make out a joint adventure. The decisions relied upon by the learned Vice-Chancellor, wherein joint adventure was made out and Chancery had jurisdiction, to wit: *Bowne* v. *Windsor, 106 N. J. Eq. 415; 151 Atl. Rep. 124; affirmed, 108 N. J. Eq. 274; 154 Atl. Rep. 768;* *Cooperstein* v. *Shapiro, 118 N. J. Eq. 337; 179 Atl. Rep. 29; Jackson* v. *Hooper, 76 N. J. Eq. 185; 74 Atl. Rep. 130; reversed, 76*

*N. J. Eq. 592; 75 Atl. Rep. 568,* are based on elements fiduciary and equitable in nature, not found in the bill filed in this cause. A joint adventure is an undertaking usually in a single instance to engage in a transaction of profit where the parties agree to share profits and losses. Equity may entertain jurisdiction in such circumstances upon principles that are applicable to partnerships. *Braddock* v. *Hinchman, 78 N. J. Eq. 270; 82 Atl. Rep. 892.* The term "Joint Adventure" is defined in *33 C. J. 841,* as follows: "A special combination of two or more persons where in some specific venture a profit is jointly sought without any actual partnership or corporate designation." A joint adventure necessarily carries the connotation that there is to be a division of the resulting profits between the parties to it. No facts are set forth in the bill from which any such undertaking may be gathered. The defendant loaned complainant money in the first instance to redeem the stock from a broker's margin account. Then the complainant deposited the stock so redeemed with the defendant as security for the loan and until such time as the loan was repaid, permitted the defendant to use the stock as collateral to strengthen his own margin account. The relationship of the parties was pledgor and pledgee—nothing more. If, as it is alleged, the covenants of the parties regarding the bailment of the stock certificates were breached by the defendant, the complainant has a complete and adequate remedy at law. The bill should have been dismissed.

The decree is accordingly reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BO-DINE, DONGES, HEHER, PERSKIE, PORTER, WELLS, RAFFERTY, THOMPSON, JJ. 11.