13 N.J. Super. 568 (1951)
80 A.2d 648
KURT DITSCHER, PLAINTIFF,
v.
ELSIE M. BOOTH AND ARTHUR BOOTH, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided May 11, 1951.
*569 Mr. Benjamin Asbell, attorney for the plaintiff.
Mr. Horace G. Brown, attorney for the defendants.
HANEMAN, J.S.C.
Plaintiff brings suit upon two counts. In the first count he alleges that he and the defendant, Elsie M. Booth, purchased certain premises situate in Mantua, Gloucester County, New Jersey, each contributing a portion of the purchase price. The title to these premises was, by oral agreement, taken in the name of the defendant, Elsie M. Booth, for the benefit of both parties. The plaintiff and the defendant agreed that they would construct on said property a suitable building for the conduct of a restaurant business *570 and that such a business would be conducted thereon. Plaintiff further alleges that under the agreement, if the business proved unprofitable, the association could be dissolved and either party could retain the realty upon the payment to the other party of the money contributed toward the purchase and improvement of the property.
By the second count, plaintiff contends that he and the defendants entered into a partnership agreement for the conduct of a restaurant business in the above referred to premises under the terms of which plaintiff was to have a 25% interest in said business, including the equipment, and the defendants a 75% interest.
The defendants, by way of defense, assert (1) the Statute of Frauds; (2) work, labor and materials were voluntarily furnished by the plaintiff and not under any agreement; (3) any alleged contract is illegal, since it was predicated upon an agreement between the plaintiff and Elsie M. Booth to marry at a time when the plaintiff was already married.
The facts adduced at the time of trial were as follows:
The plaintiff and the defendant Elsie M. Booth had been acquainted and friendly for some 20 years prior to the trial of this matter. From at or about 1938 plaintiff, who was then married, boarded with the defendant Elsie M. Booth and her husband, in Philadelphia. Subsequent thereto, the said Elsie M. Booth obtained a divorce and purchased a property at Crescent Park, New Jersey. Plaintiff again came to board with her at that address. Sometime prior to March 25, 1946, plaintiff and the said Elsie M. Booth discussed purchasing a property upon which they could conduct a business. Together they visited several properties, none of which, for one reason or another, were suitable; but they finally purchased the property here involved. Although the said Elsie M. Booth now denies that she had any voice in the selection of this property, I am satisfied that she agreed and consented thereto, and that title was taken in her name because of the marital status of the plaintiff, but for the benefit of both parties and for the purposes expressed by plaintiff.
*571 Subsequent to this purchase, plaintiff and defendant did improve the property and there was established thereon a restaurant business.
Without recounting the evidence in detail, I am satisfied, and find as a fact, that the plaintiff and the said Elsie M. Booth entered into a joint adventure under the terms of which they purchased the property here involved and agreed to and did operate a restaurant business thereon. This agreement lacked the necessary elements of a partnership in various particulars.
A joint adventure has been defined as "a special combination of two or more persons where in some specific venture a profit is jointly sought without any actual partnership or corporate designation." Kurth v. Maier, 133 N.J. Eq. 388 (E. & A. 1943); Jackson v. Hooper, 76 N.J. Eq. 185 (Ch. 1909).
A joint adventure is not dissimilar to a partnership and the contract between the parties establishing the same need contain no particular form of expression. It may be express or it may be implied in whole or in part from the conduct of the parties. Cooperstein v. Shapiro, 122 N.J. Eq. 238 (E. & A. 1937); Stein v. George B. Spearin, Inc., 120 N.J. Eq. 169 (Ch. 1936).
Chancery has the same supervision over a joint adventure as it does over a partnership. Jackson v. Hooper, supra.
It was particularly difficult to ascertain from Elsie M. Booth what the agreement or arrangement was under which title was taken, as herein set forth, and under which the business was operated. She continuously referred to an alleged agreement by the plaintiff to marry her as and when he obtained a divorce. It was quite apparent that she felt outraged because of being jilted by the plaintiff. "Hell hath no fury like a woman spurned." Whether the plaintiff had actually so promised her, or whether she implied such a promise from his conduct is of no moment in the present controversy, in view of my finding that such an agreement or arrangement was not a part and parcel of the agreement under which title to the *572 property here involved was taken and the restaurant business was to be conducted. Although the agreement was inartistic and inartificial, the conduct of the parties and the manner in which the books were kept substantiate such as I have above found, that the parties entered into a joint adventure.
I find that the defendant Elsie M. Booth holds title to the realty involved as a constructive trustee for the benefit of plaintiff and herself. Moses v. Moses, 140 N.J. Eq. 575 (E. & A. 1947).
In view of the foregoing, I find that there should be a dissolution, an accounting and a sale of the realty and personalty.
If the parties cannot amicably agree, I shall set a short day for such accounting.
Judgment will accordingly be entered.