### LINDEMULDER *v.* SHOUP.

1. LICENSES—BLUE SKY LAW—JOINT ADVENTURES—MINES AND MINERALS.

   It is not necessary, under blue sky law (2 Comp. Laws 1929, § 9769 *et seq.*), to have approval of securities commission of joint adventure to acquire oil lease.

2. JOINT ADVENTURES—MINES AND MINERALS—JOINT ADVENTURER MAY NOT RECOVER LOSS.

   That joint adventure to acquire oil lease and develop property proved disastrous, and those contributing thereto failed to realize profit therefrom, does not affect validity of enterprise or entitle one losing money therein to recover from his associates in venture, nor is it important that, after wells on neighboring property failed to produce, it was concluded not to drill or otherwise develop property leased.

Appeal from Kent; Perkins (Willis B.), J. Submitted April 19, 1932. (Docket No. 151, Calendar No. 36,418.) Decided June 6, 1932.

Case by William Lindemulder against George M. Shoup and another for money alleged to have been obtained by fraud. Judgment for defendants. Plaintiff appeals. Affirmed.

*Wicks, Fuller & Starr,* for plaintiff.

*McAllister & McAllister,* for defendants.

Potter, J. Plaintiff sued defendants, filing a declaration containing three counts, in addition to the common counts in assumpsit. The first count alleges plaintiff was fraudulently induced to purchase for $500 an interest in the capital stock of a corporation which defendants represented they were about to organize to acquire oil and gas leases and to drill and operate oil wells in Muskegon county; that he relied upon these representations and they were not true; that defendants did not organize such corporation, did not incorporate, and did not issue stock therein, and plaintiff received nothing for his $500. The second count alleges defendants solicited plaintiff to purchase a $500 interest in the capital stock of a corporation which they represented they were about to incorporate for the purpose of acquiring and operating oil and gas leases in Muskegon county; that such solicitation, offer, and sale were in violation of the blue sky law (2 Comp. Laws 1929, § 9769 *et seq.*); the sale and issue of stock in the proposed corporation had not been approved by the Michigan securities commission at the time said solicitation and offer of sale was made. The third count alleges defendants offered to sell, and solicited

and induced plaintiff to purchase, a certificate of interest in, and a beneficial interest in, an oil and gas lease on 20 acres of land in Muskegon county, in consideration of the payment of $500 by plaintiff to defendants, and such solicitation, offer, and sale were unlawful and in violation of the blue sky law, Act No. 220, Pub. Acts 1923 (2 Comp. Laws 1929, § 9769 *et seq.*); and such certificate of interest and the beneficial interest therein had not been accepted for filing as required by the statute prior to the time it was sold to plaintiff.

The questions in dispute are questions of fact. The trial court heard the testimony, and he concluded the 10 men interested entered into a joint venture for the purpose of acquiring the oil lease on the land in question in Muskegon county. At that time wells were being drilled adjacent to or in the immediate vicinity of the land in question, and if these wells proved productive, the lease which was acquired by the parties involved in this suit would probably become valuable. They purchased and paid for the lease $5,000.

It was not necessary under the blue sky law to have any public approval of the acts of these 10 men in risking $500 apiece in a joint venture. Both the plaintiff and the defendants knew they were gambling; if the territory became proven territory, their lease would be valuable, and they would undoubtedly make a handsome profit; if the wells that were being sunk in the vicinity proved not to be productive, then the lease would not be valuable. The wells being sunk in the immediate vicinity of this land were not producing wells. Plaintiff lost his money along with the others who embarked in the enterprise, and for this loss, apparently, no one else is to blame.

The blue sky law does not prevent 10 men putting $500 apiece into a syndicate or joint venture to acquire an oil lease, and the fact it is concluded, after the failure of wells on nearby property to produce, not to drill or otherwise undertake to develop the territory leased, is not important. Like other joint investments in property, the parties embark in a common enterprise, and, that it proves disastrous and those contributing fail to realize a profit, does not affect its legality. We are satisfied the trial court arrived at a correct conclusion; that plaintiff is not entitled to recover. The judgment of the trial court is affirmed, with costs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.