POLK *v.* CHANDLER.

1. JOINT ADVENTURES—TRUSTS—RECORDING—PARTICIPATION CERTIFICATES.

Failure to record new declaration of trust and issue new participation certificates *held,* not to justify refusal of members of syndicate in purchase of land to pay assessments pursuant to written agreement entered into incident to change of trustees and change of relation of trustee to vendor to that of mortgagor and mortgagee.

2. LICENSES—JOINT ADVENTURE OF ORGANIZERS.

Validation by securities commission of certificates of participation contemplated to be issued to organizers of syndicate for purchase of land *held,* unnecessary to their legal issuance since the securities act is inapplicable thereto (2 Comp. Laws 1929, § 9772, as amended by Act No. 37, § 4, subd. 1, Pub. Acts 1935).

3. JOINT ADVENTURES—TRUSTS—CORPORATIONS.

Arrangement for purchase of acreage of land whereby mortgagor acted as trustee for associates to whom he was to issue certificates of participation, each associate binding himself to pay trustee a proportionate share toward purchase price and expenses and subjecting interest of the associate to foreclosure and assumption of such interest and obligation by remaining associates, and authorizing trustee to waive foreclosure and sue at law *held,* a joint adventure and not a common-law trust with attributes requiring its classification as a corporation.

4. EQUITY—JURISDICTION—JOINT ADVENTURES.

Determination by court of equity of rights and liabilities of associates in a joint adventure *held,* proper where some associates had assigned their interests to trustee and claimed they were released and he obligated for any subsequent assessment on such interests, because of fiduciary relation existing between such associates (3 Comp. Laws 1929, § 13903 *et seq.*).

5. SAME—JURISDICTION—JOINT ADVENTURES—REMEDY AT LAW.

Jurisdiction of court of equity to adjudicate controversies arising between members of a joint adventure will be exercised even though a complainant may have a remedy at law, especially when the controversy is of a complex character.

6. JOINT ADVENTURES—RELEASE—CONSENT.

Relations and obligations of members of a joint adventure, fixed by written agreement signed by all, cannot be changed except by unanimous consent hence assignment of a member's interest to trustee at meeting not attended by all members was ineffective to release him from liability for assessment.

7. SAME—TRUSTS—ADVANCES—ASSESSMENTS.

Trustee in joint adventure for purchase of land in which he also functioned as mortgagor *held,* entitled to recover, as an individual, for advances he made with interest and, as trustee, for assessments pursuant to written agreement between them, signed by all members, notwithstanding failure to record declaration of trust or to issue certificates of participation as contemplated by the agreement.

Appeal from Wayne; Ferguson (Homer), J. Submitted April 5, 1936. (Docket No. 113, Calendar No. 38,900.) Decided September 2, 1936.

Bill by Ralph L. Polk, individually and as trustee, against Herbert J. Chandler and others for construction of a trust agreement, an accounting, money decree and other relief. From decree for plaintiff in his individual capacity, defendants appeal and plaintiff cross-appeals. Modified and affirmed.

*Emmons, Oren, Sleeper & Krise* (*David A. Howell,* of counsel), for plaintiff.

*Victor H. DeBaeke* (*Alfred Lindbloom,* of counsel), for defendant Chandler.

*Fred A. Behr,* for defendants McAlpine and Kuhlman.

*Thomas F. Chawke,* for defendants Ross.

*Frank C. Cook* and *John P. O'Hara,* for defendants Shuell, Knight, Mercier and Ritter.

WIEST, J. Fourteen men, jointly interested, desired to purchase 240 acres of land in Farmington township, Oakland county. The owner would only sell to a financially responsible person, so the associates agreed that two of their number should enter into a purchase under land contract, held under a declaration of trust, and issue participation certificates to the adventurers in the nature of an interest in personal property. The purchase under land contract was made, a declaration of trust executed by one of the vendees and recorded, and participation certificates issued. Later the trustees desired to be relieved of the trust and it was arranged that the land contract be assigned to plaintiff, who was to act as trustee, payment in part was to be made on the land contract and a deed taken in the name

of plaintiff. This was done and a purchase-money mortgage executed by plaintiff and a declaration of trust made but not recorded and. no new participation certificates issued.

As between the immediate parties the failure to so record the declaration and to issue new certificates was of no moment upon their rights and liabilities.

After a time an assessment was made upon those interested in the joint adventure to meet purchase obligations and, a dispute arising, this suit was brought by plaintiff, individually and as trustee, to have the relation of all parties to the venture and rights and obligations thereunder determined, inclusive of claimed release of some associates, and to have recovery of the assessments.

The court found and decreed liability to plaintiff in his individual capacity.

Defendants William J. Ross, Edmund W. Ross, Frank J. Knight, Frank W. Shuell, John A. Mercier, Henry G. Ritter, Herbert J. Chandler, Archibald D. McAlpine and Henry Kuhlman appealed. Plaintiff prosecutes a cross-appeal, claiming the decree should determine liability of the defendants to him, not only in his individual capacity, but as trustee, and he should have interest upon advances made.

When the original trustees wanted to be relieved from the trusteeship all parties to this suit signed a written agreement, on July 18, 1930, under which the previous land contract was to be terminated, and a new contract taken in the name of Ralph L. Polk, individually,

"by the terms of which when the principal shall be paid down to $120,000, a deed may be issued to said Polk individually, and a mortgage given back for the remaining $120,000. * *. *

"That said Polk shall execute a declaration of trust for the benefit of associates, wherein it shall set forth that said Polk shall hold the said contract and/or property * * * for the benefit of associates who shall sign this agreement and shall carry out their obligations thereunder, in the proportion of the respective participation of each of said associates.

"Each and every of said associates, by signing this paper, does agree to and with said Polk and to and with each other, that each said associate will from time to time and when called upon by said Polk, promptly pay in to said Polk the proportionate share of each said several respective associate, of any assessments for sums of money which may be necessary to make payments of interest or principal upon the purchase price of said property, or upon any mortgage which may be given thereon, or for taxes, carrying charges, or expenses incident thereto and connected therewith."

The agreement authorized Mr. Polk to sue any defaulting beneficiary for the unpaid amount of any assessment and also "upon the surrender by each associate of the certificate of participation which he has heretofore received from said Ross (former trustee and vendee) as trustee, said Polk will issue to said associate a similar participation certificate for his proportionate share in this present syndicate."

August 7, 1930, the land contract vendors conveyed the premises to Mr. Polk, by warranty deed, and took back a purchase-money mortgage, accompanied by Mr. Polk's note for $120,000. August 11, 1930, Polk executed a declaration of trust, in accordance with the mentioned agreement of July 18th, but it was not placed of record, nor were participation certificates issued, it being claimed, in behalf of

plaintiff that uncertainty as to whether the adventure required sanction of the Michigan securities commission accounted for nonrecording of the declaration and nonissue of certificates.

*Question 1.* "Were these defendants and appellants justified in refusing to pay the assessments levied by the plaintiff, because of his failure to execute and exhibit to them a declaration of trust, and to deliver to them certificates of participation, as required by the provisions of exhibit C (agreement of July 18, 1930)?"

We find no such result worked. Mr. Polk executed the declaration of trust. The joint adventure, with its interrelation of parties thereto and mutual interest therein, does not admit of release of defendants from obligations to pay.

*Question 2.* "Were the certificates of participation contemplated to be issued by the plaintiff a security required to be validated by the Michigan securities commission before the same could be legally issued?"

Counsel for defendants cite *Freeze* v. *Smith,* 254 Mich. 386. Defendants were organizers and, as pointed out in *Wardowski* v. *Guardian Trust Co. of Detroit,* 262 Mich. 422:

"The decision in that case (*Freeze* v. *Smith*) was bottomed upon a sale of a unit in the syndicate after formation thereof, and not on an agreement between organizers of a syndicate taking, proportionately, shares. It is not a violation of the 'blue sky law' for several persons to join and furnish, proportionately, parts of the purchase price of real property to be held for their benefit by a trustee. Sales of units by such a syndicate, after organization, cannot be made without compliance with the 'blue sky law.' "

We also there directed attention to *Lindemulder* v. *Shoup,* 258 Mich. 679.

After the mentioned decisions were rendered, and before decree in the case at bar, the legislature, by Act No. 37, § 4, subd. 1, Pub. Acts 1935, with immediate effect, amended 2 Comp. Laws 1929, § 9772, and defined the inapplicability thereto to certain classes of securities as follows:

"Certificates or other evidences of participation in a joint adventure: For the purpose of this act, a joint adventure shall be construed as a voluntary association of not more than twenty individuals who shall have simultaneously, without outside solicitation, joined together for the purpose of carrying out the plan or project for which the association has been organized."

This was in line with the *Wardowski Case.*

The securities act, 2 Comp. Laws 1929, § 9769 *et seq.,* and amendments thereto (see Mason's 1935 Supplement), has no applicability to the case at bar.

*Question 3.* "Does it appear from exhibit C (Agreement of July 18, 1930) that the so-called 'Bulkley Farm Trust' is, in contemplation of the Constitution and the statutes of the State, a corporation?"

The reason why the joint adventure at bar does not fall within the provisions of the "blue sky law" is also the reason why it is not a common-law trust, with the attributes of a corporation and, therefore, to be classified as such. It was not an association for the purpose of engaging in issuing or selling or furnishing of certificates of participation in the nature of shares of stock or securities. It was a joint adventure, with fixed rights and obligations *inter se,* and not otherwise. Each associate bound

himself to pay plaintiff a proportionate share toward the purchase price of the premises and expenses and, in case of default, accorded right of foreclosure of his interest, with consequent assumption of such interest and obligation by the remaining associates. The agreement also accorded plaintiff the right to waive foreclosure and sue at law.

*Question 4.* "Did plaintiff have a full and complete remedy at law?"

Defendants McAlpine and Chandler signed the joint adventure agreement of July 18, 1930, performed for a time and, being financially unable to continue, assigned to plaintiff and claimed that thereby they were released and plaintiff rendered liable for any subsequent assessment on such interests. This involved rights and liabilities of their associates, and it was proper for plaintiff to apply to a court of equity to have determination of rights of all parties adjudicated.

The court of equity had jurisdiction. See 3 Comp. Laws 1929, § 13903 *et seq.*

"The fiduciary relation existing between members of a joint adventure confers upon courts of equity jurisdiction to hear and determine all controversies arising between them." 33 C. J. p. 867, § 84, citing, among other cases, *Edson* v. *Gates,* 44 Mich. 253; *Cochrane* v. *Adams,* 50 Mich. 16; *Clarke* v. *Pierce,* 52 Mich. 157; *McGraw* v. *Dole,* 63 Mich. 1; *Petrie* v. *Torrent,* 88 Mich. 43; *Turnbull* v. *Monaghan,* 94 Mich. 87, and in the same section it is said: "and this jurisdiction will be exercised, even though complainant may have a remedy at law for the redress of his grievance; and especially is this true when the controversy is of a complex character."

Three of the original joint adventurers surrendered their interests previous to the agreement of

July 18, 1930, and one other had transferred his interest to plaintiff, individually, and a fourth did not sign the agreement. One other had assigned his interest to defendant Ritter who signed the agreement.

After the agreement of July 18, 1930, defendants McAlpine and Chandler sought to be released for financial reasons and claim that, at a meeting, they were released and they assigned their interests to plaintiff as trustee. No minutes of the meeting were kept and it was not attended by all of the associates.

Defendant McAlpine appeals from the decree holding him liable, notwithstanding the claimed release.

The relations and obligations fixed by the agreement of July 18th could not be changed or departed from, except by unanimous consent. Consent by members, less than all, attending a meeting, that Dr. McAlpine and Mr. Chandler be released upon assigning their interests to the trustee was inoperative and subsequent assignments by such persons were noneffective to release them from participation in the joint adventure.

The contract provided for foreclosure or suit at law against defaulting members. The withdrawal attempted was not equivalent thereto. The letter of the contract relation between all parties to the joint adventure controls, and no departure therefrom, except by consent of all, was permissible.

As between the parties to the agreement of July 18, 1930, there could be no rescission for want of notice of declaration of the trust or nonissuance of participation certificates. Rights were fixed regardless of such evidence.

The decree should have found liability of defendants to plaintiff as an individual for advances he

made, with interest thereon, and for other recovery as trustee.

With this modification the decree is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, ED-WARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.