HARRY WOLF,

*vs.*

GLOBE LIQUOR COMPANY, a Delaware corporation.

*New Castle, May, 26, 1948.*

*William Prickett,* for plaintiff.

*H. Albert Young,* for defendant.

SEITZ, Vice-Chancellor: Defendant moves to dismiss the complaint for an accounting or, in the alternative, for a more definite statement as to certain allegations therein. The motions can best be considered by first summarizing the allegations of the complaint, and testing them by the provisions of the new Chancery Court Rules.

According to the complaint, in July, 1937, plaintiff, an

individual with a sales executive background, entered into a contract with the defendant, a single stockholder corporation. The corporate officers and directors are the nominees of the sole stockholder. Under the contract, which was terminable by either party on 30 days' notice, defendant employed plaintiff as manager of its wholesale liquor business. In addition to a salary, plaintiff was to be paid 25% of defendant's net profits until defendant's share of net profits aggregated $30,000, and thereafter plaintiff was to be paid 50% of defendant's net profits (plaintiff's interest will be denominated as "profit").

Pursuant to the contract, plaintiff became manager of the defendant's business in July, 1937, and was still acting as such on December 31, 1947, when this complaint was filed, although on December 29, 1947, plaintiff gave defendant 30 days' notice of termination.

During plaintiff's tenure of management, the defendant's annual sales increased from less than $200,000 in 1937 to approximately $2,500,000 in 1946, and its sales force, including plaintiff, increased from three to seven salesmen.

The complaint sets forth the amount paid plaintiff yearly from 1940 to 1946 as profit, and it is alleged that defendant represented to plaintiff and led plaintiff to believe the amounts paid were true and correct, but plaintiff on information and belief alleges that such amounts were not true and correct, and that plaintiff is entitled to substantial amounts as profit in addition to the amounts paid him.

Plaintiff alleges that the determination of the true amounts of the defendant's net profits upon which plaintiff's profit is predicated are peculiarly within defendant's knowledge, and will entail a detailed examination of voluminous records as to the defendant's purchases and sales and the calculation of the various taxes payable by the defendant, and that the determination of the defendant's net profits will require an accounting, too long, difficult and complicated to be performed by a jury in an action at law.

Plaintiff alleges that the action was not brought sooner because until 1944 defendant led him to believe and he did believe that the amounts paid him as profit were correct. In 1944 plaintiff learned facts which led him to inquire into the correctness of the amount of his profit, and was assured by the sole corporate stockholder from that time until the end of 1945 or early 1946 that if plaintiff was entitled to additional profit it would be paid. Later, plaintiff was requested by defendant to defer asserting a claim for profit, because, according to defendant, such a claim would adversely affect certain tax proceedings in which the defendant was then involved. In or about September, 1947, defendant refused to account and to pay plaintiff the balance of the profit to which plaintiff was entitled under his employment contract.

The complaint prays that the defendant be required to account to the plaintiff for its net profits from the operation of its liquor business from July, 1937, and discover the true amounts of profit due plaintiff, and that thereafter the defendant be directed to pay plaintiff the amounts due with interest.

The defendant first moves to dismiss the complaint on the ground that the plaintiff has an adequate remedy at law.

As I read the opinion of the Supreme Court of Delaware in *Glanding v. Industrial Trust Company,* 28 *Del. Ch.* 449, 45 *A.* 2d 553, if the Court of Chancery originally had jurisdiction in this type of case then that jurisdiction remains unless the legal remedy has expressly or by necessary implication abrogated the equitable remedy. The adequacy of the remedy at law would not seem to be the touchstone here. Rather, we must determine whether our Court of Chancery ever had jurisdiction to afford a remedy in this type of action, and if so, whether that remedy has been expressly or impliedly abrogated by the existing legal remedy.

Let us look to the authorities to see whether the Court

of Chancery ever took jurisdiction in a situation such as is presented by the complaint in this action. This court stated in *Tharp v. St. Georges Trust Company*, 27 *Del. Ch.* 216, 34 *A. 2d* 253, that the mere relation of principal and agent did not generally permit the filing of a bill for an accounting. It should be noted that under the facts there present the court was necessarily speaking of a bill for an accounting by a principal against his agent.

In the case at bar, we have a complaint for an accounting by an agent against his principal. It is even more definitely true, as a general rule, that in such a situation a court of equity will not generally entertain an action for an accounting. See 4 *Pomeroy's Equity Jurisprudence*, (*Fifth Edition*) § 1421. However, that principle is subject to certain limitations, as Pomeroy recognizes when he says "* * * there are cases where an agent may maintain the action [in equity for an accounting] against his principal; as, for example, where his salary depends on the profits made by his employer." See *Buel v. Selz*, 5 *Ill. App.* 116, *affirmed* 105 *Ill.* 122; *Goldsborough v. County Trust Co. of Maryland*, 180 *Md.* 59, 22 *A. 2d* 920. Although it may be conceded that traditional equitable jurisdiction is not universally recognized in this situation. See *Peninsular Telephone Co. v. McCaskill*, 64 *Fla.* 420, 60 *So.* 338, *Ann. Cas.* 1914B, 1029.

It is my conclusion that this court did have jurisdiction to entertain an action for an accounting by an agent against his principal where, as the allegations here show, the agent's compensation depended at least in part on the profits made by his principal and where the information was solely in the principal's possession, and where an involved accounting was required. Compare *Tharp v. St. Georges Company, supra;* see *State v. Wilmington Bridge Company*, 2 *Del. Ch.* 58. Since I find nothing in the legal remedy for an accounting which expressly or by necessary implication abrogates the equitable remedy, I conclude that the Court of Chancery may still entertain a complaint for an accounting in this situation. The existence of an adequate remedy

at law in this situation does not thereby deprive the Delaware Court of Chancery of jurisdiction. Consequently, the motion to dismiss on that ground must be denied.

Since it does not clearly appear from the allegations of the complaint that the plaintiff is necessarily guilty of laches, the motion to dismiss the complaint on that ground is denied without prejudice. I reach this conclusion by assuming, rather than deciding, that the defense of laches may be raised in a motion to dismiss. There is no merit to the other grounds set forth in the motion to dismiss.

The motion for a more definite statement is denied because the allegations are not so vague or ambiguous that the defendant cannot frame a responsive pleading.

An order accordingly will be advised on notice.