EQUITABLE TRUST COMPANY, a corporation of the State of Delaware, Executor under the Last Will and Testament of MARGARET C. KANE, deceased,

*vs.*

HUGH F. GALLAGHER.

*New Castle, June 2, 1948.*

*H. Albert Young* and *David B. Coxe, Jr.,* for plaintiff.

*Joseph Donald Craven,* for defendant.

SEITZ, Vice-Chancellor.   This is the disposition of defendant's motion to dismiss and for a more definite statement.

Plaintiff, Equitable Trust Company, is the executor under the will of Margaret C. Kane, deceased.   Defendant is the majority stockholder of Union Park Motors, Inc. (hereinafter called "Motors"), a Delaware corporation. Motors is under his control and its officers are his nominees.

The deceased, Margaret C. Kane (hereinafter called the "deceased"), was first employed by the defendant Gallagher in 1924 as a business secretary.   When Motors was incorporated in 1930, the deceased continued her business

association with the defendant as an employee of the corporation and took an active part in fostering its growth and development into a successful business venture. The deceased, believing that she had been instrumental in the success of Motors, demanded of the defendant on numerous occasions that in addition to her salary she be given an interest in the corporation.

It is alleged on information and belief that a sealed instrument was drawn by a local attorney dated September 27, 1946, and was executed by the defendant, then president of Motors, and the deceased, then secretary and treasurer of Motors, reciting that the deceased was by reason of the instrument the recipient from defendant of 19 shares of Motors capital stock. The instrument further provided that in the event of the death of the deceased her executors or heirs should sell the stock to the defendant's nominees at a price set by the officers of the Equitable Trust Company. The sealed instrument was executed by defendant and the deceased at her home, and the signatures and seals thereto were witnessed by William H. Kane and Eleanor M. Kane, father and sister of the deceased. The deceased retained a copy of the instrument and placed it in her father's custody.

In December, 1946, the deceased received a regularly declared dividend on the stock transferred pursuant to the agreement dated September 27, 1946, together with a dividend on a share of stock which she had theretofore acquired.

The deceased died January 18, 1947, and named plaintiff the executor of her will. On February 7, 1947, defendant requested Eleanor M. Kane, sister of the deceased, to give him the copy of the agreement which was retained by the deceased. On February 9, 1947, the defendant obtained the copy from Eleanor M. Kane. She delivered the copy to the defendant because she had full confidence in him and believed that he would return it after he had used it in facilitating the settlement of the deceased's estate.

On February 23, 1947, Anne D. Kane, mother of the

deceased, inquired of defendant as to the whereabouts of the copy of the contract, and defendant stated that in view of the death of the deceased the contract was without legal effect. However, he still possessed the copy which he had obtained. Thereafter, plaintiff endeavored to recover from defendant the copy of the contract, and it conducted an investigation in order to locate the original instrument and was advised by the defendant's attorney that the original instrument and all copies had been destroyed.

Plaintiff as executor is seeking to collect all assets of the estate of the deceased, and believes that the effect of the execution of the instrument dated September 27, 1946, was to vest title to 19 shares of the capital stock of Motors in the deceased. It is alleged that it is necessary to establish the exact terms of the instrument of September 27, 1946, and that by reason of the nature of this action, the acts of the defendant and the facts to be established, plaintiff has no adequate remedy except in this court.

Plaintiff prays that the defendant be directed and required to account for the copy of the instrument which it obtained from Eleanor M. Kane on February 9, 1947, and that should the defendant fail to produce the copy that he be directed and required to disclose and accurately establish its terms, and that the defendant be directed to transfer to plaintiff 19 shares of the capital stock of Motors plus the dividends declared thereon since January 17, 1947, plus legal interest on such dividends. Plaintiff prays in the alternative that the court direct the defendant to pay plaintiff a sum equal to the established market value of 19 shares of capital stock of Motors as of January 18, 1947, plus the dividends declared thereon, and plus the interest on such declared market value and dividends.

Defendant moves to dismiss the complaint on the ground that this court has no jurisdiction over the subject matter because the complaint alleges that the plaintiff is entitled to the cash value of the stock, and in its request for

alternative relief prays that the defendant be directed to pay the cash value of such stock. Since plaintiff is requesting monetary relief, the defendant concludes that it has a remedy "before some other tribunal", i. e., that plaintiff has an adequate remedy at law. Defendant also moves to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted.

Finally, the defendant moves for a more definite statement with respect to paragraph 5 of the complaint.

Does this court lack jurisdiction because the plaintiff has, *inter alia,* prayed for monetary relief?

The allegations of the complaint are, of course, here taken to be true. They show that the defendant and the deceased entered into a contract which gave the deceased certain rights and interests with respect to some of the stock of the corporation controlled by the defendant. Plaintiff is not certain as to the exact terms of the agreement, and is therefore uncertain as to its rights as executor. After the death of the deceased, the copy of the agreement retained by her was taken by the defendant through a misrepresentation as to his intentions. Subsequently, the original and all copies of the contract were destroyed while in defendant's control.

Certainly for purposes of determining this motion to dismiss, the court may fairly say that the allegations of the complaint show that the defendant fraudulently procured and destroyed the copy of the agreement belonging to the deceased. The allegations also show that the defendant destroyed all copies of the agreement evidencing the rights of the deceased, and thereby deprived the executor of exact knowledge as to its rights thereunder. In such a case, this court has jurisdiction. In 3 *Pomeroy's Equity Jurisprudence, (Fifth Edition)* § 919e, it is stated:

"Suppressing instruments: Conversely, when instruments have been fraudulently suppressed or destroyed for the purpose of hindering or defeating the rights of others, equity has jurisdiction to give

appropriate relief by establishing the estate or rights of the defrauded party."

Thus, it is clear that this court has jurisdiction in this situation, and the fact that plaintiff's ultimate relief may be purely monetary does not alter this conclusion. Compare *Wolf v. Globe Liquor Company, ante p.* 286, 59 *A.2d* 276.

There is no merit to the defendant's contention that the complaint fails to state a claim upon which relief can be granted since it appears from the allegations of the complaint that the estate may well have a meritorious claim. True, the exact nature of the claim is in doubt but the defendant's actions are responsible therefor, and indeed supply the basis for the cause of action in this court.

The allegations of paragraph 5 are not so vague and indefinite that the defendant cannot prepare a responsive pleading.

The motions to dismiss and for a more definite statement must be denied.

An order accordingly will be advised on notice.