HARRY WOLF,

*vs.*

GLOBE LIQUOR COMPANY, a Delaware corporation.

*New Castle, December 31, 1948.*

*William Prickett,* for plaintiff.

*H. Albert Young,* for defendant.

SEITZ, Vice-Chancellor: The same day the plaintiff filed this action for an accounting against the defendant he filed an action for an accounting against the same defendant in the Superior Court of this State. Both causes admittedly involved a breach of the same alleged contract. A motion of the defendant to dismiss the complaint in this court for lack of jurisdiction was denied. See *Wolf v. Globe Liquor Company, ante p.* 286, 59 *A.* 2d 276. Thereafter, by way of a separate defense in its answer the defendant set forth facts showing the substantial identity of the law action and the present action. By this defense the defendant sought to compel the plaintiff to elect to pursue either the law action or this action. This is the decision on the defendant's motion for a determination of that separate defense.

The plaintiff concedes that the defendant is entitled to an order compelling him to elect which action he will pursue. The sole dispute arises as to the form of the order requiring such election. Since counsel for the plaintiff stated at the oral argument that no matter how the court decided this aspect of the case the plaintiff would elect to

pursue his remedy in equity, it becomes necessary to consider whether plaintiff should be required to dismiss his law action, or whether he should merely be stayed from prosecuting it.

Plaintiff contends that the order compelling an election should not provide for a dismissal of the law action, but only for a stay until the further order of this court. The defendant takes the position that the plaintiff, having conceded that he must elect, and having indicated that he will elect to pursue his action in equity, should be required to dismiss the law action.

Plaintiff suggests that a court of equity does not look upon the doctrine of election of remedies with favor. He says a court of equity is very reluctant to take any action which may possibly prejudice a party litigant unfairly. Plaintiff reasons that since the court cannot know whether the equitable remedy will be complete or adequate, it should not enter an order which might possibly place plaintiff in a position where he would be prejudiced in the event his equitable remedy proved inadequate.

The precise point appears not to have been decided in this State. The decisions outside of this State are not harmonious. See 20 *C.J., Election of Remedies*, § 41, 28 *C.J.S., Election of Remedies*, § 32(b).

Plaintiff concedes that the parties, the cause of action, and the relief requested are essentially the same. He argues, however, that the transfer of action statute does not justify the entry of an order compelling the dismissal of a law action in this situation. 46 *Laws of Delaware, Chap.* 255, *p.* 690. So far as pertinent this statute provides:

"No civil action, suit or other proceeding, pending at the approval hereof or hereafter brought in any court of this State shall be dismissed solely on the ground that such court is without jurisdiction of the subject matter, either in the original proceeding or on appeal, but the proceeding may be transferred to an appropriate court for hearing and determination, provided that the party otherwise adversely affected shall, within 60 days after the order denying the juris-

diction of the first court has become final, file in that court a written election of transfer, discharge all costs accrued in the first court, and make the usual deposit for costs in the second court. * * * For the purpose of laches or of any statute of limitations, the time of bringing the proceeding shall be deemed to be the time when it was brought in the first court. This statute shall be liberally construed so as to permit and facilitate transfers of proceedings between the courts of this State in the ends of justice."

Plaintiff suggests that the statute has not been tested and may be unconstitutional, or may be amended, or even repealed before final disposition is made of plaintiff's case. No attempt is made to spell out the possible constitutional infirmity. The other reasons are so tenuous that they cannot be recognized here. Legal hobgoblins can readily be imagined which, if recognized, would prevent the court from taking any affirmative action.

Since this is a concurrent jurisdiction case, it seems to me that the facts, when coupled with the transfer statute, call for the dismissal of the law action by plaintiff if he elects to pursue his action in this court. I do not intend to suggest that dismissal is necessarily the appropriate remedy in all situations.

The following form of order is suggested for counsels' consideration:

1. Plaintiff, within ———— days from the date of this order shall file a written pleading in this case stating whether he elects to proceed in this action or at law in the action entitled:

2. If plaintiff elects not to proceed with this action, it shall be dismissed with costs, but without prejudice.

3. If plaintiff elects to proceed with this action, plaintiff shall within ———— days thereafter cause said law action to be dismissed.

An order accordingly will be advised on notice.