PAN AMERICAN TRADE AND INVESTMENT CORPORATION, a Delaware corporation, AMERICAN RAIL AND STEEL Co., a Delaware corporation, and MILTON A. CANTER,

*vs.*

COMMERCIAL METALS COMPANY, a Delaware corporation.

*New Castle, February 11, 1953.*

426

*Henry van der Goes,* of the firm of Young & Wood, of Wilmington, for plaintiffs.

*David F. Anderson,* of the firm of Berl, Potter & Anderson, of Wilmington, for defendant.

BRAMHALL, Vice-Chancellor: The complaint alleges that plaintiffs and defendant agreed that plaintiffs would reveal to defendant where certain steel rail, cast-iron pipe, and steel pipe could be

purchased and that if the defendant should be successful in purchasing said materials, the purchase and resale thereof would be handled between plaintiffs and defendant on a joint account basis, each sharing equally in expenses, investment and profit or loss. It is further alleged in the complaint that plaintiffs subsequently learned that defendant had purchased these materials and had resold them at a substantial profit. Plaintiffs aver that they are entitled to one-half of these profits but that defendant has failed and refused to account to plaintiffs therefor.

One day prior to the institution of the proceedings in this court, plaintiffs filed an action against defendant based upon the same cause of action in the Superior Court. Defendant filed a motion to dismiss, alleging that equity had no jurisdiction. Subsequently defendant also filed a motion to compel plaintiffs to elect whether or not they would pursue their remedy in the law court, or in this court.

■ Defendant contends that this court has no jurisdiction because there is no averment in the complaint of any ground upon which equity would take jurisdiction. Defendant does not dispute that the allegations contained in the complaint, if accepted as correct, as they must be for the purpose of considering defendant's motions, would make plaintiffs and defendant joint adventurers. All of the elements of that relationship are present in this case. This allegation of the complaint relates to a single transaction. Both plaintiffs and defendant were each to perform a service or make a contribution towards the furtherance of the relationship; they were each to participate in the furtherance of the transaction and were to share equally in the profits or losses. See 30 *Am.Jur.*, *Joint Adventures*, § 3, *p.* 677, and 48 *C.J.S.*, *Joint Adventures*, § 1, *p.* 801. Under a somewhat similar relationship it was held in the case of *Garber v. Whittaker*, 6 *W.W.Harr.* 272, 174 *A.* 34, that the agreement between the parties created a joint undertaking. In the *Garber* case there was an agreement between the defendants, who were husband and wife, and the plaintiff, to build and sell a house on the lot of the wife, she to be paid a certain sum from the proceeds from the sale of the lot, the husband and the plaintiff to receive a fair compensation for work upon the house and the

balance, if any, to be divided between the husband and the plaintiff.

■ Equity will not entertain jurisdiction in an action for an accounting except: (1) where there are mutual accounts between the parties; (2) where the accounts are all on one side but there are circumstances of great complication; and, (3) where a fiduciary relationship exists between the parties and a duty rests upon defendant to render an account. *Pomeroy's Equity Jurisprudence, (5th Ed.), Vol.* 1, § 1421. Plaintiffs do not allege mutual accounts. It does not appear that the accounting would be of so complicated a nature as to make it difficult or impossible for a court of law to determine the matter. I shall consider, therefore, only the question as to whether or not the relationship of the parties was a fiduciary one.

■ I am unable to find any satisfactory definition of a joint adventure. However, joint adventure has been broadly defined as an enterprise undertaken by several persons jointly to carry out a single business enterprise for profit, without an actual partnership or corporate designation, in which they combine their property, money, effects, skill and knowledge. It has also been defined as a partnership limited both as to, its scope and duration. See *Annotations in* 48 *A.L.R.* 1056, and 63 *A.L.R.* 910. It has many, although sometimes not all, of the attributes of a partnership. *Cooperstein v. Shapiro,* 122 *N.J.Eq.* 238, 192 *A.* 826; *Brudvik v. Frosaker Blaisdell Co.,* 56 *N.D.* 215, 216 *N.W.* 891.

■■ The relationship between the parties in a joint adventure, with the exception that the relationship covers only a single transaction, is similar to, but not always identical with, that of a partnership. See *Annotations in* 48 *A.L.R.* 1057, and 63 *A.L.R.* 912. There must be the utmost good faith in the relationship between the parties in joint adventures as well as in a partnership. The relationship between joint adventurers, like that existing between partners, is fiduciary in character and imposes upon all the participants the utmost good faith, fairness, and honesty in their dealings with each other with respect to matters pertaining to the joint enterprise. *Lind v. Webber,* 36 *Nev.* 623, 134 *P.* 461, 135 *P.* 139, 141 *P.* 458, 50 *L.R.A.,(N.S.),* 1046. See also cases cited

in 30 *Am.Jur., Joint Adventures*, § 34, *p.* 695, *n.* 12. A fiduciary relationship confers upon courts of equity jurisdiction to hear and determine all controversies existing between them. *Polk v. Chandler*, 276 *Mich.* 527, 268 *N.W.* 732, 735. This jurisdiction is not defeated even though there may also be a right to sue at law. *Keyes v. Nims*, 43 *Cal.App.* 1, 184 *P.* 695; *Lind v. Webber, supra; Polk v. Chandler, supra; Chapman v. Dwyer*, 2 *Cir.*, 40 *F.2d* 468; *Kirby v. Kirby*, 184 *A.* 120, 40 *A.2d* 303.

I therefore conclude that, according to the allegations of the complaint, this court has jurisdiction to entertain the action.

Defendant contends that since the plaintiffs have instituted an action in the law court against the defendant, based upon the same transaction, plaintiffs must elect in which court they will pursue their remedy. Under the facts of this particular case, I agree with defendant's contention.

It is the general rule that where plaintiff is prosecuting an action at law and a suit in equity against a defendant at the same time, for the same cause and for substantially the same relief, he may be compelled by the court, on application by the defendant, to elect whether he will proceed with the one or with the other. *Rasst v. Morris*, 133 *Md.* 187, 104 *A.* 412; *Illinois Minerals Co. v. Miller*, 327 *Ill.App.* 596, 65 *N.E.2d* 44. It is not disputed here that the cause of action and the remedy asked for in each court is the same or that the plaintiffs can obtain complete relief in either court. The possible selection of the wrong course of action does not preclude plaintiffs from later pursuing a proper remedy. This would be merely a mistake on their part and would not deny them the relief they are entitled to under the law. *Stockman v. McKee*, — *Terry* —, 71 *A.2d* 875, 879. They would also be protected by the statute, 46 *Laws of Delaware, Ch.* 255, *p.* 690, providing for the transfer of actions begun in the wrong court.

The case of *Wolf v. Globe Liquor Co.*, 30 *Del.Ch.* 463, 62 *A.2d* 856, is controlling. There, as here, an action for an accounting was begun in both the superior court and in this court. Upon petition, Chancellor, then Vice-Chancellor, Seitz, ordered the plaintiff to dismiss the law action if he should elect to pursue his action in this court.

I conclude that plaintiffs shall file a written pleading in this case, stating whether they elect to proceed in this action or at law. If they should elect to proceed with this action, they shall cause the law action to be dismissed. If they should elect not to proceed with this action, it shall be dismissed, without prejudice.

An order will be signed, on notice, in accordance with this opinion.