ARTESIAN WATER COMPANY, a Delaware corporation, and Norman E. Wright, Plaintiffs,

v.

Clifford E. LYNCH, Administrator of the Estate of Norman E. Wright, Deceased, et al., Defendants.

Court of Chancery of Delaware, New Castle.

Nov. 4, 1971.

Clement C. Wood, of Allmond & Wood, Wilmington, for plaintiffs.

Hiram W. Warder, Wilmington, and Fockler & Wilson, Elkton, Md., for defendants Clifford E. Lynch, administrator of the estate of Norman E. Wright, deceased, Clifford E. Lynch, individually, and Betty J. Lynch, his wife.

Robert H. Richards, III, of Richards, Layton & Finger, Wilmington, for defendant Laird, Bissell & Meeds, Inc.

MARVEL, Vice Chancellor:

Laird, Bissell and Meeds, Incorporated, a defendant to this action, has moved to dismiss the complaint herein as to it.[1] Such cause of action is based on an alleged act of negligence on the part of said defendant which occurred on or about January 12, 1960 when a share of Artesian Water Company due the individual plaintiff, a resident of Wilmington, was delivered to a man of the same name residing in North East, Maryland. The basis for the corporate defendant's motion is that plaintiffs' claim against such firm is barred either by the Delaware three year statute of limitations (10 Del.C. § 8106),[2] or by laches.

---

1. Other relief is sought against the individual defendants. However, the prayers for such relief are not before the Court for decision at the present time.

2. None of the savings provisions to § 8106 applies here.

During the period from January, 1956 to December, 1959, the plaintiff Norman E. Wright had acquired 75 shares of class A non-voting common stock of the plaintiff Artesian Water Company. In December, 1959, Artesian declared a 5% stock dividend on each share of such class of stock and as a result caused to be delivered to the plaintiff Wright three full shares of such stock together with a scrip certificate equivalent in value to $^{15}/_{20}$ of one share of Artesian's class A non-voting common stock. Such plaintiff then caused his scrip certificate to be sent in to Artesian Water Company with sufficient cash to purchase $^{5}/_{20}$ of additional scrip, thus becoming entitled to receive an additional full share of Artesian stock.

Defendant Laird, Bissell & Meeds, which was at the time buying and selling outstanding warrants for scrip certificates of Artesian as an agent for such corporation and which had not in the past acted directly as a broker for the plaintiff Wright, on receipt of such plaintiff's order for a full share of stock mistakenly directed Artesian to issue such additional share to its customer, the now deceased Norman E. Wright of North East, Maryland. The two members of the Laird firm who were directly responsible for the issuance of additional stock of Artesian to its stockholders under the provisions of such stock dividend plan are now deceased and records concerning the transaction have been destroyed.

As a result of this mistake, Artesian Water Company caused the address of the record holder of all of the individual plaintiff's shares of stock of such company to be changed to that of the nonresident Wright. Thereafter, all dividends issued by such company on all shares actually owned by the individual plaintiff were sent to such Wright or his transferees until December, 1970, when the individual plaintiff became aware of the mistake which had been inadvertently made by Laird, Bissell and Meeds and made inquiry of Artesian as to " * * * what happened to his stock dividends * * * ".

In October 1969, the Maryland Wright died and Clifford E. Lynch was appointed administrator of his estate. In the course of settling such estate, the defendant Lynch obtained replacement certificates for the original 75 shares owned by the plaintiff Wright from Artesian on the theory that the original certificates for such shares had been lost or stolen. He then sold such original and later acquired shares of stock of Artesian to the defendants Gene Julian, Betty J. Lynch and himself.

Plaintiffs seek what they term to be an accounting from the defendant Laird, Bissell & Meeds and an order for the recovery by plaintiffs of any losses sustained by them as a result of Laird's alleged negligence in furnishing Artesian with the wrong address for the individual plaintiff on or about January 12, 1960.

Plaintiffs' claim against Laird, Bissell & Meeds is based on the theory that inasmuch as such defendant acted as an agent for the individual plaintiff in connection with Artesian's December, 1959 stock dividend, when it furnished incorrect information concerning such party's address, it is therefore liable to plaintiffs for any losses thereby sustained by them. In other words, plaintiffs claim that Laird allegedly owed a fiduciary duty to the plaintiff Wright, which was breached by its failure to supply Artesian with such party's correct address in January, 1960. Thus, plaintiffs seek to establish jurisdiction over its claim in this Court on the well established principle that this Court may entertain actions for an accounting arising out of a breach of a fiduciary duty, Pan American Trade & Investment Corp. v. Commercial Metals Co., 33 Del.Ch. 425, 94 A.2d 700, Illinois Finance Co. v. Interstate Rural Credit Ass'n, 11 Del.Ch. 349, 101 A. 870, and 1 Pomeroy's Eq. Jur., § 186 (Fifth Ed.)

However, even were it to be assumed that a fiduciary relationship existed between the individual plaintiff and Laird, Bissell & Meeds rather than the indicated one of simple principal and agent during the period

here in issue and that this Court would, on such ground, have jurisdiction to entertain this action for a simple money judgment against Laird, Bissell & Meeds (but see Maull v. Stokes, 31 Del.Ch. 188, 68 A.2d 200, and Wolf v. Globe Liquor, 30 Del.Ch. 286, 59 A.2d 276), I am nonetheless satisfied that the present action is barred by the statute of limitations applicable to an analogous action at law.

The rule to be followed in determining whether the statute of limitations should be applied by analogy in a suit in equity has been stated to be as follows:

> "Hence it is an established rule, that where the statute bars the legal remedy, it shall bar the equitable remedy in analogous cases, or in reference to the same subject matter, and where the legal and equitable claim so far correspond, that the only difference is, that the one remedy may be enforced in a court of law, and the other in a court of equity."

Perkins v. Cartmell's Adm'r, 4 Harr. 270, 42 Am.Dec. 753.

■ In other words, the period of the applicable statute of limitations should be applied as a bar in those cases which fall within that field of equity jurisdiction which is concurrent with analogous suits at law, Bush v. Hillman Land Co., 22 Del.Ch. 374, 2 A.2d 133.[3] And where the relief sought in equity in a so-called complaint for an accounting is actually the mere recovery of money, as is the case here, an action for such type of relief is analogous to an action at law for the same or equivalent relief, 1 Mechem on Agency, § 1342 (Second Ed.), Perkins v. Cartmell's Adm'r, supra.

Cochran v. F. H. Smith Co., 20 Del.Ch. 159, 174 A. 119, and 1 Pomeroy's Eq. Jur., § 186a (Fifth Ed.)

■ The statute of limitations applicable to a legal action analogous to the one at bar provides that a plaintiff must file his action within three years after his cause of action accrues, 10 Del.C. § 8106. Thus, in the case at bar, when the individual plaintiff failed to receive a full share of Artesian stock from the defendant Laird, Bissell & Meeds in January, 1960, and thereafter failed to receive any of the dividends declared on any of his Artesian stock, a fact which is reflected in the individual plaintiff's tax returns filed after the taxable year 1959, his cause of action arose. Furthermore, the fact that the individual plaintiff was unaware of the mistake in question at the time it was made does not, under the circumstances of record, stand in the way of the running of the statute, Mastellone v. Argo Oil Corp., 46 Del. 102, 82 A.2d 379.

The defendant Laird, Bissell & Meeds having moved to dismiss the complaint as amended under the provisions of Rule 12(b)(6), Del.C.Ann. for failure to state a claim upon which relief can be granted, and material outside of the pleadings having been presented after all parties have been given a reasonable opportunity to present all pertinent material on such motion, it will be treated as one for summary judgment (compare Mastellone v. Argo Oil Corp., supra), and granted, individual plaintiff's claim being barred by 10 Del.C. § 8106, the statute of limitations which would have been applicable had the action been brought at law.

Order on notice.

---

3. In the cited case the recovery sought in equity was not a money judgment but the cancellation of shares of stock, a purely equitable remedy.